■ In the Matter of the Claim of HILDA SULLIVAN, Respondent, v. ALFRED J. L'HEUREUX et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Decedent, employed on a poultry farm as a farmhand, handyman and carpenter, was killed at about 7:00 P.M. on a July evening when the farm station wagon operated by him left the highway after he had made a delivery of eggs from the farm to a local inn, had performed certain personal errands and had then resumed the direct route back to the farm, the accident occurring, in fact, when he was nearly there. There was ample proof that decedent customarily, as often as three times a week, delivered eggs to the inn after his work on the farm itself had ended at 5:00 P.M., sometimes using the farm station wagon and at other times his own car. There was proof, also, that he customarily delivered eggs to a store and delicatessen and "possibly" (in the employer's words) to a diner. On the evening of his death he was using the station wagon to make

the delivery with the knowledge and permission of the farm manager. His temporary deviation from the direct route back, to inquire as to the progress of repairs being made to his own car, which, in fact, he sometimes used on farm business, and to buy groceries, in no way bars an award. (*Matter of O'Connor* v. *Johnson & Johnson*, 12 A D 2d 846, motion for leave to appeal denied 9 N Y 2d 611.) Appellants rely principally upon the *Marks* case (*infra*) but the test there imposed is met if the business errand was at least a "concurrent cause" of the journey. (*Matter of Marks* v. *Gray*, 251 N. Y. 90, 93; and, see, *Matter of Mahoney* v. *Stern & Co.*, 9 N Y 2d 931; *Matter of Skinner* v. *Tobin Packing Co.*, 17 A D 2d 999; *Matter of Carney* v. *Senak N. Y. Corp.*, 17 A D 2d 170, 172–173.) Clearly the eggs had to be delivered by someone. "It is enough that someone sometime would have had to take the trip to carry out the business mission" to establish "a concurrent cause of the trip, rather than an incidental appendage or afterthought." (1 Larson, Workmen's Compensation Law, § 18.13.) Appellants' argument that intoxication was at least "partly" responsible for the accident, rather than "solely", in the language of the statute, is irrelevant. (Workmen's Compensation Law, § 10; § 21, subd. 4.) Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.