■    In the Matter of the Claim of AUDREY A. GRUNTLER, Respondent, v. HOME READER SERVICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of death benefits by the Workmen's Compensation Board. Decedent, 31 years old, was employed as a collection manager. His duties entailed visiting the homes of delinquent subscribers in the Rochester area. On the day of his demise decedent checked in at the employer's office to line up his day's collections and then returned to his home for lunch. While at home he requested his mother-in-law to telephone his wife and inform her that he would pick her up at her place of work in Rochester after she finished work. After lunch decedent set out to make the four calls on his schedule and by 3:45 P.M., had completed all but one call. Decedent's last call was to be made south of the Village of Mendon. Whether this call was ever attempted is not known but the record does indicate that at approximately 4:00 P.M., decedent stopped at a bar in the Village of Mendon. Decedent left the bar shortly after 5:00 P.M. and proceeded north toward Rochester, presumably to pick up his wife. About one mile north of Mendon one Harry Conner driving south from Rochester observed decedent's car proceeding north at a very high rate of speed, which he estimated to be between 70 and 75 miles per hour. Conner further testified that just after decedent's car passed he heard " a tremendous screeching of the car starting to swerve sideways " and that when he looked in his rear-view mirror he saw decedent's car going across to his side of the road with the rear end swung around. At this point the witness' view became obstructed as he passed over a hill, but immediately thereafter he heard the crash. Skid marks were observed on the road for a distance of 240 feet and thereafter scrape marks. Claimant opines that the scrape marks were caused by the rim of a wheel, thus indicating a blowout, but the board in its decision has not so found and in fact indicates the marks were caused as the car after turning over slid on its roof. It is undisputed that decedent had been drinking just prior to the accident, and the board has found that the alcohol content in decedent's blood was 3+. Appellants dispute the board's findings that decedent was in the course of employment and that his demise was not due solely to intoxication. Decedent was concededly an out-

side employee. Great latitude has been given the board in determining whether a given accident suffered by such an employee could be found to have occurred within the time and space limits of employment (Workmen's Compensation Law, § 21; e.g., *Matter of O'Connor* v. *Johnson & Johnson,* 12 A D 2d 846, motion for leave to appeal denied 9 N Y 2d 611; *Matter of Cliff* v. *Dover Motors,* 11 A D 2d 883, affd. 9 N Y 2d 891). Nevertheless, the accident must have resulted from risks evolving from employment rather than from purely personal pursuits (*Matter of Pasquel* v. *Coverly,* 4 N Y 2d 28). The board in its opinion states only that decedent was an outside employee and does not discuss decedent's duties or state why they thought he was in the course of employment. The mere fact that one is an outside employee, of course, does not *ipso facto* bring all of his activities within the course of employment. The present record clearly indicates that at the time of the accident decedent was not engaged in employment activities, his last call was in the opposite direction and he did not have to report back to his office, but rather was proceeding to pick up his wife at her place of employment, a purely personal errand and at least a temporary abandonment of employment. Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.