■ In the Matter of the Claims of BONNIE TIKTON et al., Appellants, v TUCKERTIME, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 14, 1981, which affirmed a referee's decision disallowing the claim. The decision of the board should be reversed and the matter remitted for further proceedings consistent with this memorandum. The uncontroverted evidence discloses that decedent was last seen at his place of employment on May 28, 1975 working on his business registers. The next morning both he and his registers were missing. His place of business was found open and his automobile was found there with the key in the ignition. Decedent had returned to his place of business at 9:30 P.M. the night before in the company of an employee, Paul Simpson, who had delivered a pool table that night with the help of decedent. Decedent was the proprietor of the business, Tuckertime, Inc. As Simpson left the premises, he was approached by one Terry, a routeman, who inquired concerning decedent's whereabouts. When Simpson returned to the business premises the next morning, he was unable to find decedent. He then called Terry, who told him that the last time he saw decedent he was in the store working on the accounts receivable book. This hearsay statement was confirmed by a police report. The Spring Valley Police investigated. The police details report revealed that decedent was last seen at his place of business at about 11:00 P.M. by one Cono J. Terranova, a business associate, a key was in decedent's car and the accounts receivable ledgers were missing from his office. This corroborated information was sufficient to trigger the operation of the presumption contained in subdivision 1 of section 21 of the Workers' Compensation Law. The conclusion of the board that "there is no evidence in the record that claimant sustained an accident while in the course of employment" is therefore not based on substantial evidence. When an employee is last seen working, there is a presumption that he continued in that status until evidence is produced to the contrary (*Matter of Norris v New York Cent. R. R. Co.*, 246 NY 307, 311; *Matter of Slotnick v Howard Stores Corp.*, 58 AD2d 959, 960, affd 44 NY2d 887; *Matter of Emerick v Dale's Motor Truck Serv.*, 239 App Div 231, affd 264 NY 524). Here, decedent was last seen alive working on his business books at his place of employment on May 28, 1975. He was reported missing the very next day. However, his body was not found until June 23, 1975 when it was discovered floating at a marina in the Town of Oyster Bay with a rope around his neck attached to an anchor. According to the death certificate, the cause of death was stated to be extensive fractures of the skull. There is no evidence in this record that decedent had voluntarily removed himself from the time and space limits of his employment at the time his injury or the events leading up to his injury occurred (see *Matter of Slotnick v Howard*

*Stores Corp., supra; Matter of Notowicz v Rose Towel & Linen Supply Co.,* 36 AD2d 543, affd 29 NY2d 502; *Matter of Sullivan v L'Heureux,* 18 AD2d 1116, mot for lv to app den 13 NY2d 595). Decision reversed, with costs to claimants against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.