■ In the Matter of the Claim of MARY RYAN, Appellant, v TROJAN BAR & GRILL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 5, 1982, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied her claim for benefits. Testimony before the board showed that claimant's decedent was president and manager of the Trojan Bar & Grill, a tavern located in lower Manhattan. At around 7:00 P.M. on December 31, 1973, he phoned his wife at their home in Demarest, New Jersey, informing her that he would be home around 10:00 P.M. At about 9:00 P.M. that night, decedent closed the bar, ostensibly to avoid having to cope with holiday drinkers. His bartender testified that decedent left the tavern carrying the office books in a large box so that he could work on them at home. He did

not know if decedent had the day's receipts with him, although he stated that it was not unusual for decedent to make night deposits at a branch of the Chemical Bank which was located a half block from the tavern. Between 10:00 and 10:30 P.M. on that same night, decedent was struck and killed by a car in The Bronx. None of the witnesses who testified at the hearing could explain what defendant was doing in this location, which was remote from the tavern, decedent's home, and from any branch of his bank, nor was it located on any direct route between these points. The day's proceeds from the tavern were never found and there was no record of a night deposit having been made. The books from the business were found in decedent's car which was parked a short distance from the accident. The board disallowed the claim of decedent's widow on the ground that her husband's death did not occur in the course of his employment. This appeal ensued. A finding that the decedent did not sustain an accident "arising out of and in the course of the employment" (Workers' Compensation Law, § 10) and that prior to the fatal accident, he had deviated from and abandoned his employment, is a factual determination which, if supported by substantial evidence, must be sustained (*Matter of Robinson v Village of Greenport*, 27 AD2d 599; see Workers' Compensation Law, § 20). Generally, an accident which befalls an employee on his way to and from work will not be held to have arisen in the course of his employment absent some physical connection in time and space to his work place (*Matter of Malacarne v City of Yonkers Parking Auth.*, 41 NY2d 189, 194). In the instant matter, there was substantial evidence to support the board's finding that decedent's death did not have the necessary nexus to his employment. In testifying before the board, decedent's wife, his employee and his brother (a former tavern employee) were unable to provide a logical, business-related explanation for decedent's presence in The Bronx at the time of the accident. Their conjecture that decedent was on a roundabout route to the bank's night depository was belied by the proximity of a bank branch one-half block from the tavern in Manhattan as well as by the testimony of a vice-president at decedent's bank who stated that the bank had no record of decedent's ever having made night deposits, although he frequently made deposits during the day. Claimant's further conjecture that decedent was kidnapped by robbers and beaten en route to the bank, and that he then wandered into traffic, was refuted by medical evidence which showed that decedent's injuries were limited to those sustained when he was struck by the car. Claimant's speculation that a theft of the tavern's proceeds occasioned decedent's injuries, unsupported by any evidence, is an insufficient basis for a finding of compensability (see *Matter of Malacarne v City of Yonkers Parking Auth., supra,* p 196). In further support of her claim, claimant argues that since there is no evidence to prove exactly what decedent was doing at the time of his death, it must be assumed that he was working. To support this contention, she cites *Matter of Tikton v Tuckertime, Inc.* 91 AD2d 702) for the proposition that when a decedent is last seen working, it must be assumed that this status continued at the time of the fatal accident in the absence of countervailing evidence. Claimant also points to subdivision 1 of section 21 of the Workers' Compensation Law, which states that a claim shall be presumed to be compensable "in the absence of substantial evidence to the contrary". This argument is fallacious for two reasons. First, decedent was not working when he was last seen alive. He was last seen by the motorist who hit him, who described decedent as walking out into traffic in an apparently drunken fashion. Secondly, the presumption embodied in subdivision 1 of section 21 of the Workers' Compensation Law does not totally relieve claimants from the burden of showing that the injuries in question were sustained in the course of and arose out of the injured person's employment (*Matter of Malacarne v City of Yonkers Parking Auth., supra,* p 193).

Here, any continuity of events to establish that decedent's accident arose in the course of his employment is purely a matter of conjecture. Therefore, no presumption applies that it also arose out of such employment (*id.*, at pp 193-196). Given the lack of proof linking decedent's death with his employment, the board's finding of noncompensability should be affirmed (cf. *Matter of Korchinski v S. S. S. Bar & Grill*, 35 AD2d 862). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.