■ In the Matter of the Claim of CHARLES H. HILDENBRANDT, Appellant, v TRANSPORTATION MANUFACTURING COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [664 NYS2d 174] —Appeals (1) from a decision of the Workers' Compensation Board, filed February 9, 1996, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed March 11, 1997, which denied claimant's application for reconsideration or full Board review.

Claimant was employed as a welder when he sustained

injuries to his head and knee. Despite claimant's representations that he was injured as the result of a fall at work, the Workers' Compensation Board found that his injuries were not work-related but were the result of a mugging that occurred away from claimant's work place and after work hours in the course of which claimant was struck with a baseball bat. Testimony and documentary evidence in the record provides substantial evidence in support of the Board's conclusion, e.g., claimant had requested reimbursement from the Crime Victims Board for treatment of his injuries; claimant's physician had noted in claimant's medical history that claimant had been injured when he was assaulted and "struck with a bat in the knee"; and evidence that claimant did not mention his injuries to his employer or co-workers at the time they were allegedly sustained and did not request his employer to prepare an accident report. Claimant's assertions to the contrary presented factual issues for resolution by the Board (*see, Matter of Gates v McBride Transp.*, 60 NY2d 670, 671). Since the Board's determination was based upon substantial evidence, it will not be disturbed.

The Board did not abuse its discretion in its denial of claimant's application for reconsideration or full Board review based on newly discovered evidence (*see generally, Matter of Dukes v Capitol Formation*, 213 AD2d 756, *lvs dismissed* 86 NY2d 810, 87 NY2d 891). The evidence is in the form of physician's records regarding treatment of nonwork-related injuries incurred by claimant one and two years, respectively, after the accident in question. These records have no relevance to the pivotal issue of whether claimant's original injury was causally related.

Cardona, P. J., Mikoll, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.