■ In the Matter of the Claim of MARY GEDON, Appellant, v UNIVERSITY MEDICAL RESIDENTS SERVICES, P. C., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [677 NYS2d 397] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed April 30, 1996, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied her claim for workers' compensation death benefits.

Prior to his death, claimant's husband (hereinafter decedent) was enrolled in a medical residency program for anesthesiology

operated by the State University of New York at Buffalo School of Medicine. In February 1993, decedent was suspended from that program and referred to the Impaired Physician Assessment Program at Bry-Lin Hospitals (hereinafter the assessment program) to be evaluated for substance abuse after he was found "wandering in a confused state" in Buffalo General Hospital. He subsequently participated in a 10-week outpatient program for the treatment of drug and alcohol addiction. Thereafter, he was transferred to Millard Fillmore Hospital to continue his residency and was not to have unsupervised access to analgesic drugs. In May 1993, decedent died at his home of an overdose of sufentanil, a potent narcotic drug used in operative procedures.

In April 1994, claimant filed this claim for workers' compensation death benefits. After a Workers' Compensation Law Judge disallowed the claim, claimant appealed to the Workers' Compensation Board requesting further development of the record on the issues of accident and occupational disease arising out of and in the course of decedent's employment. The Board denied claimant's request and held, *inter. alia*, that decedent's death did not arise out of and in the course of his employment. This appeal by claimant followed.

We affirm. Initially, "[a] finding that the decedent did not sustain an accident 'arising out of and in the course of the employment' * * * is a factual determination which, if supported by substantial evidence, must be sustained" (*Matter of Ryan v Trojan Bar & Grill*, 98 AD2d 889, 890, *lv denied* 62 NY2d 603, quoting Workers' Compensation Law § 10; *see, Matter of Koerner v Orangetown Police Dept.*, 68 NY2d 974, 974-975). While Workers' Compensation Law § 21 (1) provides a presumption of compensability, it "does not totally relieve claimant[ ] from the burden of showing that the injuries in question were sustained in the course of and arose out of the injured person's employment" (*Matter of Ryan v Trojan Bar & Grill, supra*, at 890).

In support of her claim, claimant relies upon the testimony of Kishore Divan, the director of Millard Fillmore Hospital, who testified that he was unaware of decedent's alleged drug addiction or that decedent was not to be given unsupervised access to narcotic drugs. He stated that anesthesiologists are more susceptible to substance abuse than other people because of work-related stress and unrestricted access to narcotic drugs. He further stated that decedent's death could have been avoided had his access to drugs been supervised. Finally, he opined that decedent's death was related to his work as an an-

esthesiology resident. Claimant also relied upon a report by Eric Hedberg, a physician who reviewed various documents relating to decedent's drug treatment and death. Hedberg's report referenced statistical data on the high incidence of drug addiction by anesthesiologists as an occupational group and noted that decedent appeared to be afflicted with this condition. He further noted, however, that because decedent never underwent a detailed evaluation, no clear diagnosis was ever established.

Although the record discloses that decedent was referred to the assessment program for the treatment of suspected drug and/or alcohol abuse, the documentary evidence relating to this treatment provides no detail concerning the history or nature of decedent's alleged addiction. Moreover, decedent and claimant both steadfastly denied that decedent had a drug or alcohol problem. Most significantly, the record is devoid of medical evidence or testimony by a treating physician concerning decedent's apparent illness. Absent proof in the record specifically linking decedent's death to a drug addiction which developed as a result of the conditions of his employment as an anesthesiologist (compare, Matter of Ayers v Tioga County Sheriff's Dept., 240 AD2d 819; Matter of Miller v International Bhd. of Elec. Workers Local 631, 237 AD2d 641), substantial evidence supports the Board's finding that decedent's death did not arise out of and in the course of his employment. Since Divan was unfamiliar with decedent's drug use history or the circumstances surrounding his death, his medical opinion does not support a contrary result (see, Matter of Ayala v DRE Maintenance Corp., 238 AD2d 674, 676, affd 90 NY2d 914). We have considered claimant's remaining contentions, including her claim that decedent died from an occupational disease, and find them to be without merit.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.