■ In the Matter of the Claim of CORA LEWIS, Appellant, v NEW YORK STATE DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [687 NYS2d 438] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed April 9, 1998, which, upon reconsideration, ruled that claimant did not sustain a causally related disability and denied her claim for workers' compensation benefits.

On November 5, 1996 claimant, a psychologist employed by the State at a day treatment program, allegedly sustained certain injuries to her back while attempting to restrain a 200-pound male patient. Claimant, who did not return to work following this incident, thereafter applied for workers' compensation benefits. Ultimately, the Workers' Compensation Board denied claimant's application, finding that claimant did not sustain a work-related injury. This appeal by claimant ensued.

We affirm. Whether a claimant suffered a workplace accident is a factual issue for the Board to resolve and such determination, if supported by substantial evidence, must be upheld (*see, Matter of Grucza v Waste Stream Tech.*, 252 AD2d 901, 903). To that end, while Workers' Compensation Law § 21 (1) indeed provides a presumption of compensability, such provision does not completely relieve a claimant from the burden of demonstrating that the injuries allegedly sustained arose out of and in the course of his or her employment (*see, Matter of Gedon v University Med. Residents Servs.*, 252 AD2d 744, 745-746, *lv denied* 92 NY2d 817).

Here, claimant testified that she sustained certain injuries to her back while attempting to restrain a 200-pound male patient

for whom she was responsible. Claimant's testimony in this regard, however, was contradicted by the testimony of the psychologist who shared an office with claimant. According to claimant's office mate, claimant complained of pain in her hip and back during a casual conversation on the morning of the incident in question and, further, indicated that her husband, who was a chiropractor, had opined that such pain probably had been caused by "driving". Such conversation preceded claimant's encounter with the unruly patient, and the co-worker testified that claimant made no mention to her of the injuries allegedly sustained as a result of that subsequent encounter. This conflicting testimony regarding the cause of claimant's alleged injuries merely presented a credibility issue for the Board to resolve (*see, Matter of Hildenbrandt v Transportation Mfg. Co.*, 244 AD2d 658, 659). As our review of the record reveals that the Board's decision is supported by substantial evidence, it must be affirmed. Claimant's remaining contentions, including her assertion that certain procedural errors occurred during the course of the hearing before the Workers' Compensation Law Judge, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.