■ In the Matter of the Claim of ROBERT WALK, Appellant, v JOHN GLOMANN, JR., et al., Respondents. WORKERS' COMPENSA- TION BOARD, Respondent. [694 NYS2d 196] —Appeal from a deci- sion of the Workers' Compensation Board, filed May 11, 1998, which, *inter alia*, ruled that claimant was not an employee and denied his claim for workers' compensation benefits.

On December 27, 1993, claimant was injured while cutting firewood at Burrell Orchards, Inc., a company owned by George Burrell (hereinafter Burrell). The record indicates that Burrell had an arrangement with John Glomann, Jr., whereby Burrell would sell some of the apple tree wood on his property that Burrell's own employees would cut and stack for Glomann to sell to third parties. As a courtesy, Burrell would also give Glo- mann some of the large stumps and other less desirable wood for free. In his claim for workers' compensation benefits, claim- ant asserted that he was Glomann's full-time employee and, on the day of the accident, Glomann had directed him to cut firewood as part of his job duties. Glomann testified that claim- ant only occasionally worked for him as a laborer, not a cutter, and, on the day in question, claimant had asked him for some free cords of wood and the loan of his chainsaw so that he could cut the wood and sell it for his own profit. The Workers' Compensation Board ultimately disallowed the claim based on its finding of no employer-employee relationship. This appeal followed.

Claimant's principal argument is that there was insufficient credible evidence adduced by the employer to rebut the presumption of compensability under the Workers' Compensa- tion Law (*see, Matter of Cast v City of Gloversville Water Dept.*, 163 AD2d 622, 624, *lv denied* 78 NY2d 851). We disagree. "While Workers' Compensation Law § 21 (1) provides a presumption of compensability, it 'does not totally relieve claimant[ ] from the burden of showing that the injuries in question were sustained in the course of and arose out of the injured person's employment' (*Matter of Ryan v Trojan Bar & Grill*, [98 AD2d 889, 890, *lv denied* 62 NY2d 603])" (*Matter of Gedon v University Med. Residents Servs.*, 252 AD2d 744, 745, *lv denied* 92 NY2d 817). Here, the Board credited Glomann's testimony and found it significant that claimant could produce

no pay stubs or 1099 or W-2 forms to corroborate his claim of full-time employment. Notably, the determination of whether an employer-employee relationship exists is a factual issue for the Board to resolve and where, as here, its finding is supported by substantial evidence (see, *Matter of Winglovitz v Agway, Inc.*, 246 AD2d 684), there must be an affirmance.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.