◼ In the Matter of the Claim of the ESTATE OF WILLIAM HERTZ, Deceased, Appellant, v GANNETT ROCHESTER NEWSPAPERS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [709 NYS2d 222] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed February 19, 1999, which ruled that decedent's death did not arise out of his employment and denied claimant's claim for workers' compensation benefits.

During the course of his employment as a newspaper delivery person, decedent suffered a fatal heart attack and his estate filed a claim for workers' compensation benefits. Concluding that decedent's death was not causally related to his employment and did not occur as the result of an accident arising out of his employment, the Workers' Compensation Board denied the claim, resulting in this appeal by claimant.

We reject claimant's contention that the Board erred in concluding that, despite the presumption of compensability contained in Workers' Compensation Law § 21 (1), claimant bore the burden to establish medical causation with regard to decedent's death. The presumption did not completely relieve claimant from the burden of demonstrating that decedent's death arose out of and in the course of his employment (*see*, *Matter of Lewis v New York State Dept. of Mental Retardation & Dev. Disabilities*, 257 AD2d 813). Although claimant submitted the report and affirmation of an expert who opined that decedent's death was causally related to his employment, the Board found the evidence conclusory and equivocal and, instead, accepted the opinion of the employer's expert, who concluded that decedent's death was the result of coronary thrombosis superimposed on chronic atherosclerotic change unrelated to his work.

Assuming that claimant was entitled to the benefit of the

presumption, it was the function and province of the Board to weigh the conflicting expert evidence presented by the parties and determine whether the presumption had been rebutted (*see, Matter of Stover v Mitchell Transp. Co.*, 103 AD2d 885). The testimony and report of the employer's expert that decedent's death was not causally related to his employment provided the necessary substantial evidence to rebut the presumption and the Board's decision to credit that evidence over the contrary expert evidence presented by claimant will not be disturbed (*see, Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671; *Matter of Salters v Town of Woodstock*, 267 AD2d 720).

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.