■ In the Matter of the Claim of CYNTHIA SULLIVAN, Respondent, v CANTON POLICE DEPARTMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [728 NYS2d 300] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed November 17, 1999, which ruled that the death of claimant's decedent arose out of and in the course of his employment.

In January 1994, while on duty as Police Chief for the employer, David W. Sullivan (hereinafter decedent) collapsed and subsequently died. The cause of death was listed as cardiopulmonary arrest secondary to a suspected pulmonary embolism. At the family's request, no autopsy was performed. Claimant, decedent's widow, subsequently applied for workers' compensation benefits. Following a hearing at which claimant and certain of decedent's co-workers appeared and testified, a panel of the Workers' Compensation Board found, based upon the presumption contained in Workers' Compensation Law § 21 and the evidence adduced at the hearing, that decedent's death occurred within the course of his employment and arose from such employment. This appeal by the employer ensued.

We affirm. As the employer correctly notes, the presumption contained in Workers' Compensation Law § 21* "did not completely relieve claimant from the burden of demonstrating that decedent's death arose out of and in the course of his employment" (*Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814; *see, Matter of Lewis v New York State Dept. of Mental Retardation & Dev. Disabilities*, 257 AD2d 813). To that end, claimant offered testimony regarding the long hours worked by decedent since his promotion to Police Chief approximately seven months prior to his death and the stress that decedent was experiencing as the result of certain personnel and budget issues. Despite the absence of medical testimony on this point, the Board panel was entitled to conclude, as it apparently did, that decedent's death may have resulted from work-related stress (*see, Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853). As the employer offered no alternative explanation for decedent's collapse and/or any evidence to show that his death was unrelated to his employment, we cannot say that the Board panel erred in finding that decedent's death occurred within the course of and arose from his employment.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* "Pursuant to Workers' Compensation Law § 21, unwitnessed deaths that occur in the course of employment are presumed to arise out of that employment" (*Matter of Onody v County of Oswego D.P.W.*, 223 AD2d 813).