In the Matter of the Claim of LEAH KOENIG, Appellant, v STATE INSURANCE FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [772 NYS2d 392]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed August 21, 2003, which ruled that claimant's decedent did not sustain a compensable injury and denied her claim for workers' compensation death benefits.

Claimant's husband (hereinafter decedent), a self-employed certified public accountant, suffered cardiac arrest in his office and collapsed, expiring a week later in the hospital. The State Insurance Fund, claimant's workers' compensation carrier, controverted her claim for workers' compensation death benefits and produced physician Steven Cagen, who was unable to

provide any opinion as to whether decedent's death was causally related to his employment. Lay testimony taken of claimant and an associate of decedent who witnessed decedent's collapse reveals only that decedent, who had been discussing a tax matter with the associate when he was stricken, had not mentioned or displayed any unusual symptoms or health problems tending to explain his demise. After the Fund failed on several subsequent occasions to fulfill the directive of the Workers' Compensation Law Judge (hereinafter WCLJ) to produce a supplemental medical report specifically addressing causality, the WCLJ precluded it from further opportunities to do so. However, the WCLJ ultimately denied the claim, concluding that claimant was not entitled to invoke the presumption of compensability contained in Workers' Compensation Law § 21 (1) because decedent's death was not unwitnessed and, further, because claimant had failed to establish, by competent medical evidence, a causal relationship between such death and decedent's employment. The Workers' Compensation Board affirmed the WCLJ's decision, prompting this appeal by claimant.

We now reverse. Inasmuch as there is no dispute that decedent's initial injury occurred while he was working at his place of employment, he was entitled to the statutory presumption that the injury arose out of and in the course of such employment (*see* Workers' Compensation Law § 21 [1]; *Matter of Keevins v Farmingdale UFSD*, 304 AD2d 1013, 1014 [2003]; *Matter of Van Horn v Red Hook Cent. School*, 75 AD2d 699 [1980]). Contrary to the argument by the Fund and the employer, this presumption also applies to accidents that, although witnessed, are unexplained (*see Matter of Cartwright v Onondaga News Agency*, 283 AD2d 837, 837-838 [2001]; *Matter of Brasch v Investors Funding Corp.*, 23 AD2d 918, 919 [1965], *lv denied* 16 NY2d 483 [1965]). Thus, the presumption applies and it was the Fund's burden, clearly not met here, to present " 'substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the accident except that offered by the employer' " (*Matter of Scalzo v St. Joseph's Hosp.*, 297 AD2d 883, 884 [2002], quoting *Matter of Iacovelli v New York Times Co.*, 124 AD2d 324, 326 [1986]; *see Matter of Barrington v Hudson Val. Fruit Juice*, 297 AD2d 886, 887 [2002]). In light of the undisputed account of decedent's collapse, and absent any conflicting medical or factual evidence for the Board to weigh, it was not proper to deny claimant benefits on the ground that she did not establish a prima facie case of causality (*see Matter of Holmes v Kelly Farm & Garden*, 1 AD3d 743, 743 [2003]; *cf. Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814, 815 [2000]). Accordingly, the Board's decision cannot be sustained.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.