█ In the Matter of the Claim of JOANNE FLOOD, as Widow of RALPH DAVIS, Deceased, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 284]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed February 27, 2004, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied her claim for workers' compensation death benefits.

Decedent, a highway maintenance worker, suffered a cardiac arrest while operating a loader vehicle and died at the hospital later that same day. Claimant, decedent's wife, filed a claim for workers' compensation death benefits, alleging that decedent's death was causally related to his employment. Following hearings, the Workers' Compensation Law Judge found that claimant was entitled to the presumption of compensability under Workers' Compensation Law § 21 because decedent's death was unwitnessed and arose out of and in the course of his employment. The Workers' Compensation Board found that the employer successfully rebutted the presumption of compensability afforded by Workers' Compensation Law § 21 and reversed. This appeal by claimant ensued.

The issue distills to whether the Board's decision was supported by substantial evidence. Here, the employer and its workers' compensation carrier produced medical evidence showing that decedent suffered from a long history of heart problems, including a prior heart attack at age 35 and a cardiac arrest during a recent surgery. The death certificate and autopsy report indicate that the cause of decedent's death was cardiac arrest due to coronary thrombosis and severe coronary arteriosclerosis. Although decedent's supervisor and coworker testified that decedent's job involved some degree of exertion by requiring him to climb on and off the loader, operate the loader and manually move cones in the work zone, the carrier's medical expert, who reviewed their testimony and decedent's medical history, concluded that decedent's death was not precipitated by any significant strenuous or unusual activity at work that day but from a severe preexisting heart condition. As it was the province of the Board to weigh any conflicting evidence and determine whether the presumption of compensability had been rebutted (*see Matter of Wichtendahl v Arrow Bus Line*, 307 AD2d 400, 401 [2003]; *Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814, 815 [2000]; *Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672 [2000]), we find no basis to disturb the Board's decision.

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.