■ In the Matter of the Claim of GEORGE WALLAS, Deceased, Appellant, v MASTIC BEACH EXCAVATION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [795 NYS2d 798]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed September 9, 2004, which ruled that claimant's death was not causally related to his employment.

On October 3, 2003, claimant apparently suffered a cardiac arrest and died while working for Mastic Beach Excavation, Inc. Claimant was found by a coworker slumped over a piece of excavation equipment where he had been working alone. A claim for workers' compensation death benefits was apparently filed on claimant's behalf and controverted by the employer's workers' compensation carrier. Although a Workers' Compensation Law Judge determined that no prima facie medical evidence existed to support a finding of a casually related death, the Workers' Compensation Board modified that decision, concluding that the carrier had produced sufficient evidence to rebut the presumption that the death was work related. This appeal ensued.

Under Workers' Compensation Law § 21 (1), an unwitnessed death that occurs in the course of employment creates a presumption that it arose out of that employment (*see Matter of Barrington v Hudson Val. Fruit Juice*, 297 AD2d 886, 886-887 [2002]). The presumption is rebuttable by the employer's presentation of "substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer" (*Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853 [1995]). Here, the carrier presented claimant's death certificate, which listed arteriosclerotic heart disease as the sole cause of death, and the independent report of a cardiologist, who, after reviewing claimant's medical records, concluded that his death was not work related. Thus, based on the record before us, we cannot find that the Board erred in concluding that claimant's death was not causally related to his employment (*see Matter of Wilson v Reddy Constr. Co.*, 272 AD2d 806, 807 [2000], *appeal dismissed and lv denied* 95 NY2d 875 [2000]).

To the extent that they are preserved, claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.