In the Matter of the Claim of ROBERT E. MULLER, Appellant, v ALBANY MEDICAL COLLEGE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [798 NYS2d 562]—

Appeal from a decision of the Workers' Compensation Board, filed March 26, 2004, which ruled that claimant did not suffer a work-related injury.

Claimant was employed as a certified nurse anesthetist in the obstetrics department at a hospital from 1976 until 1994. There-

after, claimant applied for workers' compensation benefits alleging that he suffered from depression and drug addiction as a result of being forced to assist in abortion procedures at the hospital. His claim was denied by a Workers' Compensation Law Judge after a hearing, and that decision was subsequently affirmed by the Workers' Compensation Board. This appeal ensued.

Although mental injury as a result of psychic trauma is a compensable injury, the circumstances surrounding the trauma must nevertheless constitute an accident within the meaning of the Workers' Compensation Law (*see Matter of Pecora v County of Westchester*, 13 AD3d 916, 917-918 [2004]; *Matter of Gullo·v Southern Erie Clinical Servs.*, 258 AD2d 689, 691 [1999]; *Matter of Velazquez v Triborough Bridge & Tunnel Auth.*, 156 AD2d 922, 923 [1989]).

The record here demonstrates that claimant began assisting in abortion procedures in the early 1980s. Despite signing a form in 1982 indicating his desire to not participate in such procedures, when given a choice, claimant often chose to assist in abortion procedures over other obstetrical procedures, such as cesarean sections. At no time between 1980 and 1994 did claimant express to his supervisors or colleagues that he did not want to participate in abortion procedures. Although claimant contends that he would have been fired if he refused to assist in abortion procedures, the evidence reflects that the hospital maintained a policy whereby any employee had the right to refuse to perform or assist in any procedure that the employee considered contrary to his or her moral or religious beliefs.

Further, claimant's contention that he began abusing morphine to counteract his emotional reaction to participating in abortion procedures is not supported by the record. Thus, notwithstanding the presence of some evidence to support a contrary result, we find that the Board's determination that claimant did not suffer an injury as a result of a work-related accident is supported by substantial evidence and must be affirmed (*see Matter of Gullo v Southern Erie Clinical Servs., supra* at 691; *Matter of Gedon v University Med. Residents Servs.*, 252 AD2d 744, 745 [1998]).

Mercure, J.P., Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.