In the Matter of KATHLEEN M. BABSON, Respondent, v FINCH, PRUYN & COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [807 NYS2d 466]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed March 18, 2004, which ruled that the death of

claimant's decedent was causally related to his employment and awarded her workers' compensation death benefits.

Claimant's husband (hereinafter decedent) worked as an instrument technician for a paper manufacturing company for 25 years. An apparently healthy man, decedent unexpectedly collapsed at work on June 6, 1999, striking his head on a machine and then on the concrete floor. He was transported by ambulance to the hospital where he later died. Although no autopsy was performed, the death certificate listed a myocardial infarction as the cause of death. Claimant filed a workers' compensation claim on behalf of herself and her eight children. After the employer controverted the claim and various proceedings were held, the Workers' Compensation Board awarded claimant benefits, finding that the presumption contained in Workers' Compensation Law § 21 was not sufficiently rebutted by the employer. The employer and its workers' compensation carrier now appeal.

We affirm. Workers' Compensation Law § 21 (1) provides a presumption of compensability for accidents occurring during the course of employment which are unwitnessed or unexplained (*see Matter of Koenig v State Ins. Fund*, 4 AD3d 671, 672 [2004]; *see also Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 949 [2005]). Here, the circumstances of decedent's death triggered the presumption of compensability afforded by Workers' Compensation Law § 21 (1). To rebut this presumption, it was the employer's burden to provide substantial evidence to the contrary (*see Matter of Pinto v Southport Correctional Facility, supra* at 950 n; *Matter of Scalzo v St. Joseph's Hosp.*, 297 AD2d 883, 884 [2002]). At the hearing, a coworker of decedent testified that the two were working in the wood yard maintenance shop where decedent entered the sewer pump room. The witness stated that he noticed a strong odor from a brake cleaning chemical which had apparently been used to clean mechanical parts in the unventilated room, and that decedent appeared to become "a little woozy." He indicated that, although decedent stated that he was okay, he became unsteady on his feet 20 to 30 seconds later and fell, striking his head on a heavy piece of machinery and then on the concrete floor. The coworker stated that decedent was initially conscious, then became unconscious and began to turn blue when the emergency medical technicians arrived to take him to the hospital. From the record evidence, we cannot ascertain what event produced the myocardial infarction, whether it was the toxic fumes in the sewer pump room, the blow to decedent's head or some other factor. On the record before us, we find that

the employer failed to produce substantial evidence demonstrating that the accident was not work related (*cf. Matter of Wallas v Mastic Beach Excavation, Inc.*, 18 AD3d 1107 [2005], *lv denied* 5 NY3d 712 [2005]; *Matter of Flood v New York State Dept. of Transp.*, 17 AD3d 922 [2005]). Accordingly, we find no basis to disturb the Board's decision.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.