In the Matter of the Claim of DENISE DEAN, Respondent, v BILL RAPP PONTIAC, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [816 NYS2d 597]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 13, 2005, which ruled that the death of claimant's decedent was causally related to his employment, and awarded claimant workers' compensation death benefits.

Claimant commenced this claim for workers' compensation death benefits after her 38-year-old husband (hereinafter decedent) collapsed and died while at work for the employer. The employer controverted the claim, presenting medical evi-

dence that decedent's death was the result of a coronary artery thrombosis leading to a myocardial infarction and was not related to his employment. Following several hearings and depositions, a Workers' Compensation Law Judge concluded that decedent's death was causally related to his employment and awarded benefits to claimant. Upon the employer's applications for review, the Workers' Compensation Board affirmed, prompting this appeal.

The record reveals that shortly after arriving at the employer's place of business on his first day of work there as an auto mechanic, part of decedent's tool box fell off a bench, causing damage to a new car. While this incident was unwitnessed, claimant testified that decedent called her later that day and informed her that he had attempted to stop the heavy tool box from falling. Additionally, claimant and decedent's coworkers testified that decedent was shaken, clearly upset and embarrassed by the incident, as it was his first day on a new job and he had damaged a vehicle. That afternoon, decedent complained to coworkers that he was having chest pains and numbness in his left arm. Within minutes, decedent collapsed and died.

Under the circumstances of this case, claimant is entitled to the presumption that decedent's death arose out of and in the course of his employment and it was the employer's burden to present evidence sufficient to rebut this presumption (*see Matter of Babson v Finch Pruyn & Co., Inc.*, 25 AD3d 936, 937 [2006]; *Matter of Wallas v Mastic Beach Excavation, Inc.*, 18 AD3d 1107, 1108 [2005], *lv denied* 5 NY3d 712 [2005]; *Matter of Brown v Clifton Recycling*, 1 AD3d 735, 735 [2003]). While the employer's medical consultant opined that decedent suffered from significant previous cardiovascular disease and that his death was not caused by any event related to his employment, claimant presented conflicting medical evidence. Claimant's medical consultant testified that when his tool box fell, it constituted a significant physically strenuous and emotionally stressful event for decedent such that it precipitated the condition that ultimately led to his demise. Given the conflicting medical evidence presented and the deference accorded to the Board's resolution of such issues, we find that there is a substantial basis supporting the determination and we will not disturb it (*see Matter of Flood v New York State Dept. of Transp.*, 17 AD3d 922, 923 [2005]; *Matter of Baker v Orange Heating & Cooling*, 9 AD3d 517, 518 [2004]; *Matter of Hurlbutt v A.J. Cerasaro, Inc.*, 120 AD2d 792, 793 [1986]).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.