In the Matter of the Claim of DEBRA MacDONALD, Appellant, v PENSKE LOGISTICS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 613]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2005, which ruled that the death of claimant's decedent was not causally related to his employment.

In May 2000, claimant's husband, a truck driver for Penske Logistics, was found dead in the cab of his truck a few hours after he had completed a delivery. Following a postmortem examination, the medical examiner concluded that the cause of death was severe coronary heart disease. Following hearings to determine whether the claim was compensable under Workers' Compensation Law § 21 (1), the Workers' Compensation Law Judge found that decedent's death was causally related to his employment and awarded benefits to claimant. On appeal, the Workers' Compensation Board found that the carrier presented sufficient evidence to rebut the presumption that decedent's death arose out of his employment and reversed the Workers' Compensation Law Judge's determination. The instant appeal ensued.

It is well settled that a presumption of compensability arises when an unwitnessed or unexplained accident occurs during the course of employment (*see Matter of Babson v Finch, Pruyn & Co., Inc.*, 25 AD3d 936, 937 [2006]; *Matter of Crapo v City of Buffalo*, 24 AD3d 838, 839 [2005]). In order to overcome this presumption, the employer must present " 'substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer' " (*Matter of Wightman v Clinton Tractor & Implement Co.*, 23 AD3d 788, 790 [2005], quoting *Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853 [1995]).

Here, the carrier presented a report by the medical examiner who concluded that decedent experienced a natural death caused by severe coronary heart disease. The carrier also presented written reports and testimony from two medical experts, both of whom concluded that decedent suffered from, among other

things, severe blockages of the left main artery of the heart, and that he experienced a natural death caused by a terminal or lethal arrhythmia, which was unrelated to his employment. "This evidence was sufficient to rebut the presumption and required claimant to demonstrate that decedent's death was causally related to his job" (*Matter of Brown v Clifton Recycling*, 1 AD3d 735, 736 [2003] [citations omitted]; *see Matter of Wallas v Mastic Beach Excavation, Inc.*, 18 AD3d 1107, 1108 [2005], *lv denied* 5 NY3d 712 [2005]). Claimant did not present any medical proof to contradict the findings of the carrier's medical experts, nor did she offer any proof to show that decedent engaged in a work-related activity which brought on his condition. Moreover, to the extent that claimant relies upon the presence of an unexplained laceration on decedent's forehead, without more, we defer to the Board's resolution of the medical evidence and find that there is no basis to disturb its determination (*see Matter of Dean v Bill Rapp Pontiac, Inc.*, 30 AD3d 806, 807 [2006]; *Matter of Brown v Clifton Recycling, supra* at 736).

We have considered claimant's remaining arguments and find them to be without merit.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.