■ In the Matter of the Claim of MARTHA MARCUS, Appellant, v CITY OF TROY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 296]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed June 8, 2005, which ruled that the death of claimant's decedent was not causally related to his employment.

Claimant's husband (hereinafter decedent) was employed by the City of Troy, Department of Public Utilities, as a truck driver/sewer maintenance worker. According to a coworker, he and decedent had just finished an afternoon coffee break and were returning to work in the employer's truck, which decedent was driving, when decedent suddenly, without any prior indication that anything was wrong, suffered convulsions and shaking and died. The Workers' Compensation Law Judge awarded claimant benefits, concluding that the employer's evidence failed

to rebut the presumption contained in Workers' Compensation Law § 21, which arises upon proof that the death occurred during the course of employment. The Workers' Compensation Board disagreed, ruling that no benefits were payable since the presumption was successfully rebutted. Claimant appeals.

We affirm. Workers' Compensation Law § 21 creates a presumption of compensability for unwitnessed or unexplained accidents which occur during the course of employment (*see Matter of Babson v Finch Pruyn & Co. Inc.*, 25 AD3d 936, 937 [2006]). Here, although decedent died in the company of a coworker, the absence of an autopsy rendered the death unexplained, thus triggering the presumption. "In order to overcome this presumption, the employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer" (*Matter of MacDonald v Penske Logistics*, 34 AD3d 967, 967 [2006] [internal quotation marks and citations omitted]). If successfully rebutted, the burden shifts to claimant to establish that decedent's death was causally related to his work (*see id.* at 968). Claimant, who offered no evidence in opposition to the employer's rebuttal evidence, now argues that the medical evidence concerning the cause of death is so scant as to render the opinion of the employer's expert speculative and, therefore, the employer's evidence was insufficient to successfully rebut the presumption.

The hearing record reveals that at the time of his death, decedent was engaged in a normal work day. His coworker testified that decedent exhibited no indications of distress prior to his demise and that decedent, while working, would always sweat, regardless of climatic conditions or amount of exertion expended. Claimant testified that decedent suffered a similar episode several months prior to his death which prompted decedent to consult with a cardiologist. The cardiologist's records indicated that decedent suffered shortness of breath upon limited exertion and was diabetic. The employer's medical consultant concluded, based on decedent's history, smoking habits, obesity, hypertension and family history of heart disease, that decedent's death was unrelated to his employment. Accordingly, we conclude that the record contains substantial evidence to support the Board's determination that the presumption of compensability was rebutted and should not be disturbed (*see Matter of Wallas v Mastic Beach Excavation, Inc.*, 18 AD3d 1107, 1108 [2005], *lv denied* 5 NY3d 712 [2005]).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.