■ In the Matter of the Claim of RENEE S. THOMPSON, Appellant, v GENESEE COUNTY SHERIFF'S DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [843 NYS2d 195]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed December 14, 2005, which ruled that the death of claimant's decedent was not causally related to his employment and denied her claim for workers' compensation death benefits.

Decedent was employed by the Genessee County Sheriff's Department as a correction officer at the time of his death. Decedent had a history of heart problems and had been previously diagnosed with cardiac arrhythmia. In May 2002, shortly before his death, decedent was admitted to the emergency room and released. The next day he visited with Stanley Ambis, his family physician, complaining of faintness and dizziness. Ambis,

among other things, excused him from firearms practice—an event that he apparently found stressful—for a period of two weeks beginning May 23, 2002. At the beginning of his overnight shift on May 29, 2002, decedent discovered that he would have to qualify in firearms use on May 31, 2002 and, on the morning of May 30, 2002, at the end of his shift, he collapsed at work and died shortly thereafter. The cause of death was listed as ventricular arrhythmia.

Claimant filed a workers' compensation claim on behalf of herself and her children, citing stress, among other things, as the cause of decedent's death. After fact finding, a Workers' Compensation Law Judge determined that "the scheduling of firearms training was the last in a series of incidents placing the decedent in a dangerous and precarious position with respect to his heart," and concluded that stress from decedent's job caused decedent's fatal arrhythmia. On appeal, the Workers' Compensation Board reversed, finding decedent's death not to have been causally related to his employment. Claimant now appeals.

We reverse. "Inasmuch as there is no dispute that decedent's initial injury occurred while he was working at his place of employment, he was entitled to the statutory presumption that the injury arose out of and in the course of such employment," and, considering that the cause of decedent's fatal arrhythmia remains unexplained, the statutory presumption should have been invoked (*Matter of Koenig v State Ins. Fund*, 4 AD3d 671, 672 [2004]; *see* Workers' Compensation Law § 21 [1]; *Matter of MacDonald v Penske Logistics*, 34 AD3d 967, 967 [2006]; *Matter of Babson v Finch Pruyn & Co. Inc.*, 25 AD3d 936, 937 [2006]). Although Workers' Compensation Law § 21 " '[does] not completely relieve claimant from the burden of demonstrating that decedent's death arose out of and in the course of [decedent's] employment' " (*Matter of Sullivan v Canton Police Dept.*, 285 AD2d 850, 851 [2001], quoting *Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814, 814 [2000]), a showing that the injury directly resulting in decedent's death occurred during the course of decedent's employment and that the injury was unwitnessed or unexplained is sufficient to entitle a claimant to the application of the presumption (*see Matter of MacDonald v Penske Logistics*, 34 AD3d at 967; *Matter of Babson v Finch Pruyn & Co. Inc.*, 25 AD3d at 937; *Matter of Koenig v State Ins. Fund*, 4 AD3d at 672; *Matter of Brown v Clifton Recycling*, 1 AD3d 735, 735 [2003]; *Matter of Barrington v Hudson Val. Fruit Juice*, 297 AD2d 886, 886-887 [2002]; *Matter of Williams v Metropolitan Distrib.*, 213 AD2d 852, 853

[1995]). Consequently, the Board erred in requiring claimant to come forward with evidence of a causal relationship before applying the statutory presumption in this case (*see Matter of Barrington v Hudson Val. Fruit Juice*, 297 AD2d at 886; *see generally Matter of Brown v Clifton Recycling*, 1 AD3d at 735-736).

Once a claimant has established his or her entitlement to the statutory presumption, the burden shifts to the workers' compensation carrier to present " 'substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation for the death except that offered by the employer' " (*Matter of Wightman v Clinton Tractor & Implement Co.*, 23 AD3d 788, 790 [2005], quoting *Matter of Williams v Metropolitan Distrib.*, 213 AD3d at 853; *accord Matter of MacDonald v Penske Logistics*, 34 AD3d at 967). Here, the Board concluded upon its review of the record that "it is only speculative what actually caused decedent's death." In light of the social policy underlying the Workers' Compensation Law, as embodied in the presumption of compensability set forth in Workers' Compensation Law § 21 (1), such uncertainty, under the facts of this case, should have been resolved in favor of claimant and her children, not against them. Thus, once the statutory presumption is applied and the burdens are properly placed, it is clear that the carrier failed to meet its burden and reversal is required.

The parties' arguments relating to the evidence supporting the Board's determination and the alternative ground for affirmance proffered by the employer's workers' compensation carrier have been considered and found either to be without merit or rendered academic in light of our decision.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.