■ In the Matter of the Claim of DENISE PETROCELLI, Appellant, v SEWANHAKA CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [864 NYS2d 212]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed September 28, 2007, which ruled, among other things, that the presumption of a causally related death pursuant to Workers' Compensation Law § 21 had been rebutted.

Claimant's husband (hereinafter decedent) died while coaching a high school basketball game. An autopsy was performed. Decedent's death certificate listed as the cause of death a spontaneous rupture of the splenic artery with hemoperitoneum, due to portal hypertension complicating cirrhosis of the liver and chemotherapy for treatment of a primitive neuroectodermal tumor of the right adrenal gland. Claimant thereafter filed a claim for workers' compensation death benefits. Following a hearing, a Workers' Compensation Law Judge found that the Workers' Compensation Law § 21 presumption of compensability had been rebutted, and directed claimant to produce evidence of causally related death, with the employer having the opportunity to produce a consultant's report on the same issue. The Workers' Compensation Board affirmed. Claimant now appeals, and we affirm.

It is well settled that there is a presumption of compensability when an unwitnessed or unexplained death occurs during the course of one's employment (*see* Workers' Compensation Law § 21 [1]; *Matter of Marcus v City of Troy*, 39 AD3d 912, 913 [2007]; *Matter of Salley v New York City Police Dept.*, 38 AD3d 1150, 1151 [2007]). This presumption may be rebutted, however, by substantial evidence to the contrary (*see* Workers' Compensation Law § 21; *Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 949 [2005]). Moreover, rebuttal of the presumption "does not require irrefutable proof excluding all . . . conclusions other than that offered by the employer that the accidental injury was not work related" (*id.* at 950 n). Once the presumption is rebutted, a claimant then has the burden of establishing a causally related death (*see Matter of Marcus v City of Troy*, 39 AD3d at 913). Inasmuch as evidence contained in the death certificate indicates that decedent's death was directly caused by factors not related to his work, we will not disturb the Board's finding that the presumption was overcome, requiring claimant to come forward with proof of a causally related death (*see Matter of Johnson v County of Clinton*, 46 AD3d

1175, 1176 [2007]; *Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d 1134, 1135 [2007], *lv denied* 9 NY3d 807 [2007]; *Matter of MacDonald v Penske Logistics*, 34 AD3d 967, 968 [2006]; *Matter of Brown v Clifton Recycling*, 1 AD3d 735, 736 [2003]).

Cardona, P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.