■ In the Matter of the Claim of JANICE HANSEN, Appellant, v SYRACUSE HOME ASSOCIATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [865 NYS2d 778]—

Mercure, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed October 14, 2006 and June 14, 2007, which, among other things, ruled that

claimant did not sustain a work-related injury and denied her claim for workers' compensation benefits.

Alleging that she suffered a work-related injury to her lower back during a November 2005 fire safety demonstration, claimant filed for workers' compensation benefits. Although a Workers' Compensation Law Judge determined that claimant's injury was work-related and awarded benefits, the Workers' Compensation Board subsequently reversed, concluding that the workers' compensation carrier rebutted the presumption of compensability in Workers' Compensation Law § 21 by presenting evidence that claimant's injury did not occur in the course of her employment.* Claimant appeals, and we now affirm.

Claimant asserts that her injury arose "out of and in the course of [her] employment" and, thus, the Board erred in disallowing her claim (Workers' Compensation Law § 10 [1]). To be sure, "Workers' Compensation Law § 21 (1) provides a presumption of compensability for accidents occurring during the course of employment which are unwitnessed or unexplained" (*Matter of Babson v Finch Pruyn & Co. Inc.*, 25 AD3d 936, 937 [2006]; *see Matter of Marotta v Town & Country Elec., Inc.*, 51 AD3d 1126, 1127 [2008]; *Matter of Koenig v State Ins. Fund*, 4 AD3d 671, 672 [2004]). Nevertheless, it is equally "well established that a claimant is not thereby totally relieved of 'the burden of showing that accidental injuries suffered by him [or her] actually were sustained in the course of . . . employment and arose out of the employment' " (*Matter of Malacarne v City of Yonkers Parking Auth.*, 41 NY2d 189, 193 [1976] [citation omitted]; *see Matter of Sullivan v Canton Police Dept.*, 285 AD2d 850, 851 [2001]; *Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814, 814 [2000]).

Here, the Board rejected claimant's assertion that she was injured during the fire safety demonstration, crediting instead the testimony of witnesses who indicated that claimant did not fall, rub her back or state that she was injured during the demonstration, as she claimed. Further, the Board expressly relied upon the testimony of claimant's coworker that, prior to the demonstration, claimant stated that she had injured her back while packing and moving boxes over the weekend. Inasmuch as credibility determinations are within the sole province of the Board and the credited testimony provides substantial evidence that claimant's injury did not arise during the course of her employment, claimant was not entitled to the presumption, and the Board properly disallowed her claim (*see Matter of Koerner v*

---

* The Board subsequently issued an amended decision to correct a witness's name.

*Orangetown Police Dept.*, 68 NY2d 974, 975 [1986]; *Matter of Malacarne v City of Yonkers Parking Auth.*, 41 NY2d at 196-197; *see also Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d at 814).

Cardona, P.J., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.