Rose, J.
Appeals from a decision and an amended decision of the Workers’ Compensation Board, filed January 19, 2007 and January 18, 2008, which ruled that the death of claimant’s decedent was causally related to his employment, and awarded claimant workers’ compensation death benefits.
Claimant’s husband had been working alone for the employer when he was found lying on the floor in full cardiac arrest. He died later the same day. The Workers’ Compensation Board awarded death benefits to claimant, holding that the employer had not overcome the presumption of compensability in Workers’ Compensation Law § 21 (1). The employer appeals.
It is well settled that where, as here, an unwitnessed or unexplained death occurs during the course of the decedent’s employment, Workers’ Compensation Law § 21 (1) provides a presumption that the death arose out of the employment (see Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d 1134, 1135 [2007], lv denied 9 NY3d 807 [2007]). The employer, however, may rebut this presumption by presenting substantial evidence to the contrary (see Matter of Cappellino v Baumann & Sons Bus Co., 52 AD3d 1058 [2008]; Matter of Babson v Finch Pruyn & Co. Inc., 25 AD3d 936, 937 [2006]). Significantly, “rebuttal of the presumption ‘does not require irrefutable proof excluding all . . . conclusions other than that offered by the employer that the accidental injury was not work related’ ” (Matter of Petrocelli v Sewanhaka Cent. School Dist., 54 AD3d 1143, 1144 [2008], quoting Matter of Pinto v Southport Correctional Facility, 19 AD3d 948, 950 n [2005]. If the presumption is rebutted, then the burden of establishing that the death *1074 was causally related to the employment is on the claimant (see e.g. Matter of Marcus v City of Troy, 39 AD3d 912, 913 [2007]).
Here, the proof that decedent was stricken while working alone for the employer gave rise to the presumption that his death was causally related to his employment. The employer then presented evidence of decedent’s preexisting high blood pressure, high cholesterol and coronary artery disease. Based on decedent’s medical and autopsy reports, and his death certificate’s statement that the immediate cause of death was coronary artery occlusion as a consequence of atherosclerosis, the employer’s medical expert opined that decedent’s death was due to his preexisting heart disease and was not causally related to his employment. This is substantial evidence of a non-work-related cause, at which point the presumption disappears and the burden of establishing a causally related death shifts to claimant (see Matter of Petrocelli v Sewanhaka Cent. School Dist., 54 AD3d at 1144; Matter of Cappellino v Baumann & Sons Bus Co., 52 AD3d at 1059). While the employer’s expert also acknowledged that stressful work could be a partial cause of a worker’s heart attack, he did not opine that that was the case here. Accordingly, the Board should have found the presumption to be rebutted and then gone on to decide the ultimate question of whether decedent had been subjected to such stress by weighing whether claimant established that decedent’s work activities had contributed to his heart attack (see Matter of Pinto v Southport Correctional Facility, 19 AD3d at 950 n). Inasmuch as the Board’s decision that the presumption controlled its determination of this claim is unsupported by the record, the matter must be remitted for a determination of the ultimate question.
Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the decision and amended decision are reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.