■ In the Matter of the Claim of JACQUELINE RUPER, Appellant, v TRANSPORT SYSTEMS OF WESTERN NEW YORK et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [870 NYS2d 623]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed August 15, 2007, which ruled, among other things, that the presumption of a causally related death pursuant to Workers' Compensation Law § 21 had been rebutted.

Claimant's husband (hereinafter decedent), a tractor-trailer driver, died after suffering a cardiac arrest. Decedent arrived for work at approximately 11:30 A.M. that day, after being assigned to drive an empty trailer to West Virginia. After no one had seen or heard from him during the day, a search ensued and decedent's body was found slumped against a flatbed trailer in the employer's parking lot at approximately 4:45 P.M.

Claimant filed a claim for workers' compensation death benefits. Following hearings, a Workers' Compensation Law Judge awarded benefits, finding that the death was unwitnessed and the employer did not sufficiently rebut the presumption contained in Workers' Compensation Law § 21. On review, the Workers' Compensation Board reversed, based on its determination that the employer had rebutted the presumption. Claimant appeals.

A presumption of compensability arises where, as here, an unwitnessed or unexplained death occurs during the course of one's employment (see Workers' Compensation Law § 21; Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d 1134, 1135 [2007], lv denied 9 NY3d 807 [2007]; Matter of Marcus v City of Troy, 39 AD3d 912, 913 [2007]). The employer may overcome the presumption, however, by providing "substantial evidence to the contrary" (Workers' Compensation Law § 21; see Matter of Cappellino v Baumann & Sons Bus Co., 52 AD3d 1058, 1058 [2008]; Matter of Babson v Finch Pruyn & Co. Inc., 25 AD3d 936, 937 [2006]; Matter of Pinto v Southport Correctional Facility, 19 AD3d 948, 950 n [2005]). To that end, the employer presented decedent's death certificate and the results of an autopsy, both of which attributed his death solely to arteriosclerotic coronary artery disease. The employer also submitted the report and testimony of a cardiologist who, after reviewing decedent's medical records, concluded that his death was not work related but due to a preexisting heart condition. Inasmuch as the record evidence supports the Board's determination that decedent's death was not work related, we decline

to disturb it (*see Matter of Petrocelli v Sewanhaka Cent. School Dist.*, 54 AD3d 1143, 1144 [2008]; *Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d at 1136).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.