■ In the Matter of the Claim of PATRICIA STEADMAN, Appellant, v ALBANY COUNTY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [924 NYS2d 187]—

Malone Jr., J. Appeal from a decision of the Workers'

Compensation Board, filed October 23, 2009, which ruled that decedent did not sustain a causally related injury and denied claimant's claim for workers' compensation death benefits.

Decedent collapsed and died after suffering a heart attack while working for the employer as a mail courier in August 2007. Claimant, decedent's former wife, thereafter commenced this claim seeking workers' compensation death benefits for decedent's two children. Following a hearing, the Workers' Compensation Law Judge denied the claim, finding that decedent had long-standing heart disease and his death was not causally related to his work activities. Upon review, the Workers' Compensation Board upheld the decision of the Workers' Compensation Law Judge. Claimant appeals.

The Workers' Compensation Law creates a presumption of compensability where, as here, an unwitnessed or unexplained death occurs during the course of employment (*see* Workers' Compensation Law § 21; *Matter of Ruper v Transport Sys. of W. N.Y.*, 58 AD3d 930, 931 [2009]; *Matter of Marcus v City of Troy*, 39 AD3d 912, 913 [2007]). The employer may overcome the presumption by presenting "substantial evidence to the contrary" (Workers' Compensation Law § 21; *see Matter of Ruper v Transport Sys. of W. N.Y.*, 58 AD3d at 931; *Matter of Marcus v City of Troy*, 39 AD3d at 913).

Here, the employer presented sufficient evidence to overcome the presumption. Specifically, the employer presented decedent's death certificate and the report and testimony of a physician who, after reviewing the death certificate, autopsy report and decedent's medical records, concluded that decedent's death was not related to his work but, rather, was attributable to a preexisting heart condition (*see Matter of Ruper v Transport Sys. of W. N.Y.*, 58 AD3d at 931; *Matter of Wallas v Mastic Beach Excavation, Inc.*, 18 AD3d 1107, 1108 [2005], *lv denied* 5 NY3d 712 [2005]; *Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814, 814-815 [2000]). While claimant's expert provided a conflicting opinion, this created a credibility issue for the Board to resolve (*see Matter of Flood v New York State Dept. of Transp.*, 17 AD3d 922, 923 [2005]; *Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d at 814-815). Inasmuch as the Board's determination is supported by substantial evidence, we will not disturb it (*see Matter of Ruper v Transport Sys. of W. N.Y.*, 58 AD3d at 931-932; *Matter of Marcus v City of Troy*, 39 AD3d at 913; *Matter of Flood v New York State Dept. of Transp.*, 17 AD3d at 923).

Mercure, J.P., Peters, Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.