██ In the Matter of the Claim of VANESSA RICHMAN, Respondent, v NYS UNIFIED COURT SYSTEM et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 722]—

Egan Jr., J.

We affirm. Pursuant to Workers' Compensation Law § 21 (1), a presumption of compensability exists where, as here, an unwitnessed or unexplained injury occurs during the course of the affected worker's employment (*see Matter of Brown v Clifton Recycling*, 1 AD3d 735, 735 [2003]). "The employer may overcome the presumption by presenting substantial evidence to the contrary" (*Matter of Steadman v Albany County*, 84 AD3d 1649, 1650 [2011] [internal quotation marks and citations omitted]).

Here, we find no basis upon which to disturb the Board's conclusion that the employer did not present sufficient evidence to overcome the presumption. The record establishes that, prior to claimant's collapse, she was under considerable stress at work and her workplace was loud and overheated. While the employer's expert opined that claimant's ruptured aneurysm was unrelated to her employment, the Board agreed with the WCLJ that the expert's report and testimony were not credible—in large measure because he was evasive when questioned as to whether work-induced stress could raise a person's blood pressure high enough to cause an aneurysm to rupture. Notably, the expert acknowledged that high blood pressure could be a factor in the rupture of an aneurysm and conceded that he did not know what claimant's blood pressure was at the time the rupture occurred. Contrary to the employer's argument, the Board, which "is the sole arbiter of witness credibility" (*Matter*

*of Hammes v Sunrise Psychiatric Clinic, Inc.*, 66 AD3d 1252, 1252 [2009]), was not required to wholly credit the expert's opinion on this point simply because it was the only expert proof presented (*see Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851, 852 [2000]). The employer's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.