In the Matter of the Claim of ARLENE SCHWARTZ, Appellant-Respondent, v HEBREW ACADEMY OF THE FIVE TOWNS et al., Respondents-Appellants. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 400]—

Mercure, J. (1) Cross appeals from a decision of the Workers' Compensation Board, filed January 24, 2006, which, inter alia, ruled that the death of claimant's decedent was not causally related to his employment, and (2) appeal from an amended decision of said Board, filed April 3, 2006, which made certain revisions to its prior decision.

Claimant's husband (hereinafter decedent), the executive director of Hebrew Academy of the Five Towns (hereinafter the employer), was found dead in a men's bathroom in the employer's building. The death certificate listed hypertensive and arteriosclerotic heart disease as the immediate cause of death, with diabetes mellitus as a contributing condition. Claimant filed a claim for workers' compensation death benefits and, fol-

lowing a hearing to determine whether the claim was compensable pursuant to Workers' Compensation Law § 21 (1), a Workers' Compensation Law Judge determined that decedent's death was causally related to his employment and awarded benefits. Upon review, the Workers' Compensation Board reversed on the ground that claimant failed to produce any medical evidence establishing a causal connection between decedent's death and his employment. The Board thereafter issued an amended decision, again disallowing the claim and finding that the employer had sufficiently rebutted the Workers' Compensation Law § 21 (1) presumption that decedent's death arose out of his employment. Claimant appeals from both the initial and amended decisions, and the employer and its workers' compensation carrier cross-appeal from the initial decision.

We preliminarily note that neither claimant nor the employer and its carrier have raised any issues in their respective briefs pertaining to the propriety of the Board's original decision. As such, the parties' cross appeals from said decision are deemed abandoned (*see Matter of Stromski v Jefferson Auto Body*, 1 AD3d 643, 644 [2003]).

Turning to claimant's appeal from the Board's amended decision, it is well settled that where, as in this case, an unwitnessed or unexplained death occurs during the course of one's employment, there is a presumption of compensability (*see* Workers' Compensation Law § 21 [1]; *Matter of MacDonald v Penske Logistics*, 34 AD3d 967, 967 [2006]; *Matter of Crapo v City of Buffalo*, 24 AD3d 838, 839 [2005]). The employer, however, may overcome such a presumption by offering substantial evidence to the contrary (*see* Workers' Compensation Law § 21; *Matter of Babson v Finch Pruyn & Co. Inc.*, 25 AD3d 936, 937 [2006]; *Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 949-950 [2005]). In that regard, rebuttal of the presumption "does not require irrefutable proof excluding all other conclusions other than that offered by the employer that the accidental injury was not work related" (*Matter of Pinto v Southport Correctional Facility, supra* at 950 n). Here, the employer submitted a death certificate, signed by a physician, which indicated that decedent's death was directly caused by hypertensive and arteriosclerotic heart disease, with diabetes mellitus contributing thereto. This evidence was sufficient to rebut the Workers' Compensation Law § 21 (1) presumption and require claimant to establish that decedent's death was causally related to his employment (*see Matter of MacDonald v Penske Logistics, supra* at 968; *Matter of Brown v Clifton Recycling*, 1 AD3d 735, 736 [2003]). Inasmuch as claimant failed to present any medical ev-

idence contradicting the cause of death as found by the physician and referenced in the death certificate, we will not disturb the Board's amended decision (*see Matter of MacDonald v Penske Logistics, supra* at 968).

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the amended decision filed April 3, 2006 is affirmed, without costs. Ordered that the appeal from the decision filed January 24, 2006 is dismissed, as academic.