■ In the Matter of the Claim of MARY WHEELER, Respondent, v MAIL CONTRACTORS OF AMERICA et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [875 NYS2d 632]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 23, 2007, which ruled that the death of claimant's decedent was causally related to his employment, and awarded workers' compensation death benefits.

Claimant's husband (hereinafter decedent), a tractor-trailer

driver, died suddenly after suffering from a cardiac arrest. On December 19, 2004, decedent had delivered a trailer of mail to Boston, Massachusetts from the City of Buffalo, Erie County. While returning the tractor to the lot in Buffalo, decedent pulled to the side of the road. He suffered a cardiac arrest shortly thereafter and was found slumped over in the cab.

Claimant filed a claim for workers' compensation death benefits. The Workers' Compensation Law Judge disallowed the claim, finding that the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) had rebutted the presumption contained in Workers' Compensation Law § 21 and that decedent's death was not causally linked to his employment. On review, the Workers' Compensation Board reversed. The employer appeals.

We affirm. As decedent's death was unwitnessed and occurred during the course of his employment, a presumption of compensability arises (*see* Workers' Compensation Law § 21; *Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d 1134, 1135 [2007], *lv denied* 9 NY3d 807 [2007]). The employer may rebut that presumption by offering substantial evidence to the contrary (*see Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d at 1135). "[I]rrefutable proof excluding all other conclusions other than that offered by the employer that the accidental injury was not work related" is not required (*Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 950 n [2005]). Here, the employer's medical expert testified that decedent's death was directly related to a preexisting heart condition. The expert also stated that his understanding was that decedent was not under any stress when he died, but he admitted that stress could have caused decedent's sudden death given his heart condition. The evidence establishes that, on the day in question, decedent did experience work-related stress due to poor driving conditions and mechanical problems with the tractor. Decedent's physician opined that such stress contributed to decedent's death. Given that "it was the province of the Board to weigh the conflicting evidence and determine whether the presumption of compensability had been rebutted," we will not disturb the Board's decision (*Matter of Wightman v Clinton Tractor & Implement Co.*, 23 AD3d 788, 790 [2005]).

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.