■ In the Matter of the Claim of LISA HANNA, Appellant, v ABLE BODY LABOR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [879 NYS2d 622]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed April 21, 2008, which ruled that the death of claimant's decedent was not causally related to his employment.

After he had not been seen at work for approximately 30 minutes, coworkers of claimant's husband (hereinafter decedent) found him unresponsive and not breathing. He later died and an autopsy was performed. Both the autopsy report and the death certificate list the cause of death as cardiac arrhythmia due to atherosclerotic coronary artery disease. Claimant thereafter sought workers' compensation death benefits and, following a hearing at which the employer failed to appear, a Workers' Compensation Law Judge (hereinafter WCLJ) found that decedent's death was unwitnessed and that the presumption

contained in Workers' Compensation Law § 21 (1) applied. Upon review, the Workers' Compensation Board reversed and disallowed the claim. Claimant appeals, and we now affirm.

A presumption of compensability exists when an unwitnessed or unexplained death occurs during the course of the decedent's employment (*see Matter of Ruper v Transport Sys. of W. N.Y.*, 58 AD3d 930, 931 [2009]; *Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d 1134, 1135 [2007], *lv denied* 9 NY3d 807 [2007]). The presumption may be rebutted, however, by substantial evidence to the contrary (*see Matter of Boni-Phillips v Oliver*, 56 AD3d 1073, 1073 [2008]). We note that rebuttal of the presumption does not require irrefutable proof excluding every conclusion other than that offered by the employer, i.e., that the injury was not work related (*see Matter of Petrocelli v Sewanhaka Cent. School Dist.*, 54 AD3d 1143, 1144 [2008]). Here, the autopsy report and death certificate indicate that decedent's death was caused by factors unrelated to his work and, thus, the Board could determine that the presumption of compensability had been overcome (*see id.* at 1144; *Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d at 1135-1136; *see also Matter of Boni-Phillips v Oliver*, 56 AD3d at 1074). Inasmuch as claimant submitted no medical evidence contradicting the cause of death as stated in those documents, we will not disturb the Board's decision (*see Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d at 1135-1136).

Finally, to the extent that claimant seeks an opportunity to submit further proof that decedent's death was work related, her argument is not properly before us given her failure to request such relief before the Board (*see Matter of Servidio v North Shore Univ. Hosp.*, 299 AD2d 685, 686 [2002]; *Matter of Bakke v Bushey & Son*, 5 AD2d 909, 910 [1958]). In that regard, we reject claimant's assertion that because she appeared pro se before the WCLJ and was not directed to provide further evidence of a causally related death, the Board improperly "provid[ed] its own interpretation of the medical evidence" without first notifying her that she should produce additional evidence. A review of the record reveals that despite claimant's initial pro se status, she obtained counsel prior to the filing of the WCLJ's decision and was represented throughout the entirety of the appeal process before the Board, giving her ample opportunity to request remittal for further development of the record despite any confusion that the WCLJ's instructions may have caused.

Cardona, P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.