■ In the Matter of the Claim of EDELMIRA PUIG, Respondent, v NEW YORK ARMENIAN HOME, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [885 NYS2d 785]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed July 15, 2008, as amended by decision filed August 1, 2008, which ruled that the death of claimant's decedent was causally related to his employment.

In November 2003, claimant's husband was discovered lying on the floor of a bathroom that he had just cleaned in the nurs-

ing home where he was employed as a maintenance worker. He had no pulse and was not breathing when emergency personnel arrived, and shortly thereafter he was declared dead as a result of cardiopulmonary arrest. Claimant's subsequent application for workers' compensation death benefits was challenged by decedent's employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) on the basis that decedent's death was not causally related to his employment. Following a hearing, a Workers' Compensation Law Judge denied the claim. Upon review, the Workers' Compensation Board reversed. This appeal by the employer ensued.

"It is well settled that a presumption of compensability arises when an unwitnessed or unexplained accident occurs during the course of employment" (*Matter of MacDonald v Penske Logistics*, 34 AD3d 967, 967 [2006] [citations omitted]). Such a presumption, however, may be rebutted by the employer with substantial evidence to the contrary (*see Matter of Boni-Phillips v Oliver*, 56 AD3d 1073, 1073 [2008]). Moreover, in contrast to the articulated basis for the Board's decision, rebuttal of the presumption does not require that the employer submit irrefutable proof excluding every other explanation as to potential causes of death (*see Matter of Hanna v Able Body Labor*, 62 AD3d 1200, 1201 [2009]). If the employer does rebut the presumption, the burden of proving that a death is causally related to the employment shifts back to claimant (*see Matter of Petrocelli v Sewanhaka Cent. School Dist.*, 54 AD3d 1143, 1144 [2008]).

Here, the employer's medical expert testified that, despite a recent increase in the number of hours decedent worked per week, his death was not "in any way related to his work." The expert also cited decedent's history of hypertension and high cholesterol, and opined that coronary artery disease was the underlying cause of death. Similarly, the notice of death completed by the physician who pronounced decedent dead indicates that his death was caused by cardiopulmonary arrest and myocardial infarction with hypertension and high cholesterol as contributing factors. The proof of death form signed by decedent's treating physician further set forth an opinion that hypertension and high cholesterol contributed to decedent's death. Finally, evidence in the record suggests that decedent felt ill the night before the incident and went to work despite not feeling well that morning. He was advised to go home, but did not.

Inasmuch as the foregoing constitutes substantial evidence

sufficient to overcome the presumption of compensability, the burden should have shifted to claimant to establish that decedent's death was causally related to his employment (*see Matter of Boni-Phillips v Oliver*, 56 AD3d at 1074). Accordingly, "the Board's decision that the presumption controlled its determination of the claim is unsupported by the record," and we must reverse and remit for a determination of whether claimant established that decedent's work activities contributed to his death (*id.*).

Cardona, P.J., Spain, Kavanagh and Garry, JJ., concur. Ordered that the decision and amended decision are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.