■ In the Matter of the Claim of LEONA FREDERICK, Appellant, v LINDENHURST UNION FREE SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [886 NYS2d 518]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 3, 2008, which, among other things, ruled that the death of claimant's decedent was not causally related to his employment.

Claimant's husband (hereinafter decedent), a school custodian, went to the school's boiler room on a break from work. Decedent was later discovered there slumped on a staircase, not breathing and unresponsive. He subsequently died and claimant applied for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge awarded benefits.

Upon review, the Workers' Compensation Board reversed and disallowed the claim, finding that the presumption of compensability contained in Workers' Compensation Law § 21 (1) had been overcome. Claimant appeals and we affirm.

A presumption of compensability attaches to a death occurring during the course of employment which is unwitnessed or unexplained (*see* Workers' Compensation Law § 21 [1]; *Matter of Hanna v Able Body Labor*, 62 AD3d 1200, 1201 [2009]; *Matter of Ruper v Transport Sys. of W. N.Y.*, 58 AD3d 930, 931 [2009]). That presumption may be rebutted if substantial evidence demonstrates that the death was not work related, however, and such rebuttal does not require "irrefutable proof excluding every conclusion other than that offered by the employer" and its workers' compensation carrier (*Matter of Hanna v Able Body Labor*, 62 AD3d at 1201; *see Matter of Wheeler v Mail Contrs. of Am.*, 60 AD3d 1245, 1246 [2009]). Here, both the death certificate and the results of an autopsy attribute decedent's death to arteriosclerotic heart disease.* Given that proof, as well as the lack of any medical evidence which would call that conclusion into question or otherwise suggest that decedent's work and his death were causally linked, we decline to disturb the Board's decision (*see Matter of Hanna v Able Body Labor*, 62 AD3d at 1201; *Matter of Ruper v Transport Sys. of W. N.Y.*, 58 AD3d at 931-932; *Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d 1134, 1135-1136 [2007], *lv denied* 9 NY3d 807 [2007]).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* A copy of decedent's death certificate is not included in the record, but the Board expressly relied upon the death certificate in its decision and the parties do not dispute that the certificate lists arteriosclerotic heart disease as the cause of death.