■ In the Matter of the Claim of ELEANOR A. NOTHAFT, Appellant, v HAWKEYE CONSTRUCTION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 734]—

Peters, J.P.

In March 2005, claimant's husband (hereinafter decedent) was employed as a truck driver at a construction site. Approximately two hours after the start of his shift, decedent was found unconscious in the cab of his truck and later died. An autopsy was performed and the cause of death was determined to be hypertensive and arteriosclerotic heart disease. Claimant sought workers' compensation death benefits and, following hearings, a Workers' Compensation Law Judge determined that decedent's death was not causally related to his employment. The Workers' Compensation Board agreed and this appeal ensued.

We affirm. As decedent suffered an unexplained or unwitnessed accident during the course of his employment, a presumption of compensability arises (see Workers' Compensation Law § 21 [1]; Matter of Hanna v Able Body Labor, 62 AD3d 1200, 1201 [2009]). That presumption may be rebutted by substantial evidence to the contrary, however, and "irrefutable proof excluding every conclusion other than that offered by the employer" is not required (Matter of Hanna v Able Body Labor, 62 AD3d at 1201; see Matter of Wheeler v Mail Contrs. of Am., 60 AD3d 1245, 1246 [2009]). Both the autopsy report and death certificate indicated, and a medical expert who reviewed decedent's medical records opined, that decedent's death was unrelated to his work. While the evidence suggested that exertion or stress could have precipitated decedent's death, he had remained in his truck at the construction site and did not engage in any physical activity during his work shift. Indeed, claimant's medical expert admitted that he had "no idea" as to what work activity triggered decedent's death. As substantial evidence sup-

ports the Board's determination that decedent's work had no connection to his death, we decline to disturb it (*see Matter of Ruper v Transport Sys. of W. N.Y.*, 58 AD3d 930, 931-932 [2009]).

Lahtinen, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.