Rose, J.
Appeal from a decision of the Workers’ Compensation Board, filed February 15, 2012, which ruled that the death of claimant’s husband was not causally related to his employment.
Claimant’s husband (hereinafter decedent) worked on a maintenance crew for the employer and, in January 2011, he was called in to work overtime on a weekend by assisting in installing an emergency roadway plate on a bridge. The workers assessed the situation and returned to the maintenance facility to gather their tools and wait for the rest of the crew to arrive. While waiting there, decedent went alone to the locker room where, approximately 20 minutes later, he was found unconscious. He later died. Claimant filed an application for workers’ compensation death benefits that, following a hearing, a Workers’ Compensation Law Judge denied on the ground that decedent’s death was not causally related to his employment. The Workers’ Compensation Board agreed, and claimant now appeals.
We affirm. “A presumption of compensability exists when an unwitnessed or unexplained death occurs during the course of the decedent’s employment,” but that presumption may be rebutted by substantial evidence to the contrary (Matter of Hanna v Able Body Labor, 62 AD3d 1200, 1201 [2009] [citations *1328 omitted]; see Workers’ Compensation Law § 21 [1]; Matter of Nothaft v Hawkeye Constr., Inc., 69 AD3d 1015, 1015 [2010]). In order to rebut the presumption, we note that “irrefutable proof excluding every conclusion other than that offered by the employer” is unnecessary (Matter of Hanna v Able Body Labor, 62 AD3d at 1201). The death certificate, which was issued after an external examination of decedent’s body and an interview with his supervisor, determined the cause of death to be arteriosclerotic cardiovascular disease. According to a medical expert retained by the employer, that condition is typically caused by factors such as hypertension, elevated cholesterol levels and tobacco use, and it was not related to decedent’s work activity. The expert further testified that he had personally examined decedent in connection with an earlier workers’ compensation claim and found him to be hypertensive, and the record reflects that decedent failed to obtain treatment for that condition. While there was testimony that strenuous activity could increase the risk that a person with preexisting arteriosclerotic heart disease might suffer a cardiovascular incident, there is no evidence that decedent was engaged in any physical activity at the time of his demise. Inasmuch as there is substantial evidence in the record to support the Board’s decision that decedent’s death was not causally linked to his employment, we decline to disturb it (see Matter of Nothaft v Hawkeye Constr., Inc., 69 AD3d at 1015-1016; Matter of Ruper v Transport Sys. of W. N.Y., 58 AD3d 930, 931-932 [2009]).
Peters, EJ., Lahtinen and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.