*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    521286
_____

In the Matter of the Claim of
    ROBERT KONIAK,
                    Respondent,

        v

SALAMANCA BOARD OF PUBLIC                MEMORANDUM AND ORDER
    UTILITIES et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

_____

        Hamberger & Weiss, Buffalo (Kristin M. Machelor of
counsel), for appellants.

        Fessenden, Laumer & DeAngelo, Jamestown (Daniel Gullotti of
counsel), for Robert Koniak, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

_____

Mulvey, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 16, 2014, which ruled that the workers'
compensation carrier is liable for the payment of medical bills
covering treatment that is causally related to claimant's
established workers' compensation claim.

On December 4, 2006, claimant was involved in an accident while working as a lineman for the Salamanca Board of Public Utilities. On that date, he was clearing utility wires following an automobile accident and was struck in the back of the neck by a heavy wire that had been cut from a pole by another lineman. Claimant sustained injuries to his neck, shoulder and lower back, which also affected his extremities. Although he only missed a few days of work, he obtained medical treatment for his injuries through May 2007. He filed a claim for workers' compensation benefits with regard to this accident and his case was established for work-related injuries to his neck and back.

Claimant began working as a lineman for a different public utility company in 2007. In October 2012, he was performing his regular job duties and, after throwing a 50-pound pole into his truck, he experienced numbness and tingling in his left arm and leg. He received medical treatment through May 2013 and was diagnosed with various lower back abnormalities. In connection with such treatment, claimant submitted certain medical bills for payment as part of his established workers' compensation claim. The Salamanca Board of Public Utilities and its workers' compensation carrier (hereinafter collectively referred to as the carrier) objected on the ground that claimant had sustained a new injury and the treatment was not causally related to his prior compensable injury. Following a hearing, a Workers' Compensation Law Judge found that there was insufficient medical evidence of a causal relationship and ruled in favor of the carrier. The Workers' Compensation Board, however, reversed and ruled that the carrier is liable for payment as it failed to produce sufficient evidence to deny a causal relationship. The carrier now appeals.

The Board relied heavily upon the statutory presumption set forth in Workers' Compensation Law § 21 (5) in making its decision. That provision states that "the contents of medical and surgical reports introduced in evidence by claimants for compensation shall constitute prima facie evidence of fact as to the matter contained therein" (Workers' Compensation Law § 21 [5]; see Matter of Kigin v State of New York Workers' Compensation Bd., 24 NY3d 459, 468 [2014]). Once the statutory presumption has been established, the burden shifts to the carrier to proffer "'substantial evidence' to contradict the

content of [the] medical reports" (<u>Matter of Kigin v State of New York Workers' Compensation Bd.</u>, 24 NY3d at 468, quoting Workers' Compensation Law § 21 [5]).

Here, the medical reports prepared by the physicians who submitted bills for treatment list the injury date as December 4, 2006 and make no reference to any other injuries that may have occurred in October 2012. Two of these physicians stated in their reports that there was a causal relationship between the underlying incident and the injuries for which claimant was being treated. Significantly, one of these physicians, who treated claimant immediately after the December 4, 2006 accident and again in 2013, opined that both claimant's complaints and his own objective findings were consistent with claimant's history of injury. In view of this, the statutory presumption set forth in Workers' Compensation Law § 21 (5) is clearly applicable. The carrier, however, failed to rebut this presumption by submitting any evidence to contradict these medical reports (<u>see</u> <u>Matter of Kigin v State of New York Workers' Compensation Bd.</u>, 24 NY3d at 468). Therefore, the Board properly found, in keeping with statutory purpose of requiring employers to bear the cost of medical care and treatment "for such period as the nature of the injury or process of recovery may require" (Workers' Compensation Law § 13 [a]; <u>see</u> <u>Matter of Spyhalsky v Cross Constr.</u>, 294 AD2d 23, 25 [2002]), that the carrier is liable for the payment of claimant's medical bills.

Peters, P.J., Lahtinen, Egan Jr. and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court