*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 22, 2016          522129
_____

In the Matter of the Claim of
    HALINA RASIEJ,
                    Appellant,

        v

SYSKA HENNESY GROUP INC. et al.,          MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

_____

        The Saldarriaga Law Firm, New York City (Victor H.
Saldarriaga of counsel), for appellant.

        Conway & Goren, Melville (Mary Stanton Hornung of counsel),
for Syska Hennesy Group Inc. and another, respondents.

_____


Garry, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed February 5, 2015, which ruled that decedent's death did not
arise out of and in the course of his employment and denied
claimant's claim for workers' compensation death benefits.

        Decedent, claimant's husband, was on a business trip when
he suffered sudden cardiac arrest and died in his hotel room.
Claimant applied for workers' compensation death benefits, which
the employer's workers' compensation carrier challenged on the
basis that, among other things, decedent's death was not causally

related to his employment.  A Workers' Compensation Law Judge denied the claim.  The Workers' Compensation Board affirmed and this appeal ensued.

We affirm.  While a presumption of compensability arises where, as here, an unwitnessed or unexplained death occurs during the course of employment (see Workers' Compensation Law § 21 [1]; Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d 1134, 1135 [2007], lv denied 9 NY3d 807 [2007]), "[t]hat presumption may be rebutted if substantial evidence demonstrates that the death was not work related" (Matter of Frederick v Lindenhurst Union Free School Dist., 66 AD3d 1104, 1105 [2009]).  To that end, irrefutable proof excluding every conclusion other than that offered by the employer or its carrier is not required (see Matter of Fatima v MTA Bridges & Tunnels, 106 AD3d 1327, 1328 [2013]; Matter of Hanna v Able Body Labor, 62 AD3d 1200, 1201 [2009]).

Decedent's death certificate indicated that his cause of death was sudden cardiac death due to coronary arteriosclerosis, with smoking and hypertension as significant contributing factors.  The cardiologist presented by the carrier reviewed decedent's medical records and testified that decedent's death was caused by a preexisting condition of progressive atherosclerosis, which was totally independent of his work.  Such evidence is sufficient to rebut the presumption of Workers' Compensation Law § 21, which then shifts the burden to claimant to demonstrate that decedent's death was causally related to his employment (see Matter of Puig v New York Armenian Home, Inc., 65 AD3d 1444, 1445-1446 [2009]; Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d at 1135).  As claimant did not present any medical evidence to contradict the findings of the carrier's medical expert and as indicated on the death certificate, the Board's decision will not be disturbed (see Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d at 1135-1136).

Egan Jr., Devine, Clark and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court