■ In the Matter of the Claim of THOMAS LAVIGNE, Respondent, v HANNAFORD BROTHERS Co. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [59 NYS3d 621]—

Aarons, J. Appeal from a decision of the Workers' Compensation Board, filed October 15, 2015, which ruled that decedent's death arose out of and in the course of her employment and granted claimant's claim for workers' compensation death benefits.

Decedent, claimant's wife, was at work in her office on the second floor of a grocery store when, around 8:00 a.m., one of the managers heard a loud bang and found decedent on the floor, alone and unresponsive. Emergency personnel were summoned and she was taken to the emergency room where, despite resuscitative efforts, she was later pronounced dead. The emergency department report indicated the probable cause of death as acute coronary syndrome and ventricular fibrillation/cardiac arrest, and reflected that she had reported to colleagues that "her job was stressing her out" and causing chest pains shortly before she collapsed. Decedent's death certificate indicated that she died from cardiac arrhythmia due to arteriosclerotic heart disease with obesity as a contributing factor.[1] Claimant filed an application for workers' compensation death benefits which, following a hearing, a Workers' Compensation Law Judge granted, finding that decedent's death was causally related to her employment. The Workers' Compensation Board agreed, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) now appeal.

---

1. No autopsy was performed.

We affirm. Where, as here, an unwitnessed or unexplained death occurs during the course of a decedent's employment, Workers' Compensation Law § 21 (1) provides a presumption of compensability, that is, that the death arose out of the decedent's employment (*see Matter of Rasiej v Syska Hennesy Group Inc.*, 145 AD3d 1332, 1332 [2016]; *Matter of Fatima v MTA Bridges & Tunnels*, 106 AD3d 1327, 1327 [2013]). The presumption dispenses with the requirement that the claimant submit, in the first instance, prima facie medical evidence of a causal relationship (*see Matter of Stevenson v Yellow Roadway Corp.*, 114 AD3d 1057, 1058 [2014]). The presumption, however, "may be rebutted if substantial evidence demonstrates that the death was not work related" (*Matter of Rasiej v Syska Hennesy Group Inc.*, 145 AD3d at 1332 [internal quotation marks and citation omitted]). If rebutted, the claimant is required "to establish that decedent's death was causally related" (*Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d 1134, 1135 [2007], *lv denied* 9 NY3d 807 [2007]).

Here, there is no dispute that claimant was entitled to the statutory presumption in that decedent suffered a cardiac arrest while working in her office and died shortly thereafter as a result, an event with no known witnesses (*see Matter of Thompson v Genesee County Sheriff's Dept.*, 43 AD3d 1252, 1253-1254 [2007]; *Matter of Koenig v State Ins. Fund*, 4 AD3d 671, 672 [2004]). The carrier's cardiologist reviewed decedent's medical records and concluded that while it was not certain exactly what happened, decedent's cardiac arrest was most likely due to preexisting coronary artery disease and was not causally related, finding insufficient evidence that it was due to work-related stress.[2] This evidence was sufficient to rebut the presumption of compensability, shifting the burden to claimant to demonstrate a causal relationship (*see Matter of Rasiej v Syska Hennesy Group Inc.*, 145 AD3d at 1332).

Claimant presented the report and testimony of an internal medicine physician who reviewed decedent's medical records and concluded that she had underlying asymptomatic cardiac atherosclerotic disease, and that her work-related stress was a "significant contributing factor" that caused her sudden cardiac death. He relied on the emergency department records and the

---

2. The carrier did not submit proof to rebut the account in the emergency department records that decedent reported to her coworkers that she was experiencing work-related stress and chest pains immediately prior to her collapse, and the record does not reflect what efforts, if any, were made to identify those coworkers (*see* Workers' Compensation Law § 21 [5]; *Matter of Koniak v Salamanca Bd. of Pub. Util.*, 139 AD3d 1290, 1291-1292 [2016]).

fact that decedent had no known history of cardiac symptoms or treatment. While claimant's physician acknowledged that decedent had other cardiac risk factors, such as obesity and a daily smoking habit, decedent's "work-related illness need not be the sole or even the most direct cause of death, provided that the claimant demonstrates that the compensable illness was a contributing factor in the decedent's demise" (*Matter of Mellies v Consolidated Edison Co. of N.Y., Inc.*, 140 AD3d 1543, 1544 [2016] [internal quotation marks and citation omitted]). Accordingly, it was within the province of the Board to resolve the conflicting medical testimony in claimant's favor in concluding that claimant had demonstrated that decedent's death was causally related and, thus, the Board's decision is supported by substantial evidence and will not be disturbed (*see Matter of Kilcullen v AFCO/Avports Mgt. LLC*, 138 AD3d 1314, 1316 [2016]; *Matter of Roberts v Waldbaum's*, 98 AD3d 1211, 1211-1212 [2012]).

Garry, J.P., Egan Jr., Lynch and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.