Matter of Kaplan v New York City Tr. Auth. (2018 NY Slip Op 04068)





Matter of Kaplan v New York City Tr. Auth.


2018 NY Slip Op 04068


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525879

[*1]In the Matter of the Claim of LYUBOV KAPLAN, Appellant,
v
NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Grey & Grey, LLP, Farmingdale (Sanjai Doobay of counsel), for appellant.
Jones Jones LLC, New York City (David S. Secemski of counsel), for New York City Transit Authority, respondent.




MEMORANDUM AND ORDER
McCarthy
, J.P.
Appeal from a decision of the Workers' Compensation Board, filed February 23, 2017, which ruled that decedent's death did not arise out of and in the course of his employment and denied claimant's claim for workers' compensation death benefits.
On July 11, 2015, claimant's husband (hereinafter decedent), who was employed to perform equipment maintenance for the employer, collapsed in the locker room at work. Decedent was later pronounced dead at the hospital, and the emergency room
records attributed his death to sudden cardiac arrest secondary to cardiovascular disease due to old age. Claimant applied for workers' compensation death benefits and, following hearings, a Workers' Compensation Law Judge established the claim, finding that the employer's proof did not rebut the presumption of compensability in Workers' Compensation Law § 21. The Workers' Compensation Board reversed, concluding that, even if the presumption applies, it was rebutted and claimant had not submitted a medical opinion to support a finding that decedent's death was causally-related to his employment. Claimant appeals.
To be compensable under the Workers' Compensation Law, an accidental injury must arise both out of and in the course of employment (see Workers' Compensation Law §§ 2 [7]; 10 [*2][1]). While a presumption of compensability arises where an unwitnessed or unexplained death occurs during the course of employment (see Workers' Compensation Law § 21 [1]), relieving claimant of the obligation to submit prima facie medical evidence of a causal relationship, that presumption "may be rebutted if substantial evidence demonstrates that the death was not work related" (Matter of Lavigne v Hannaford Bros Co., 153 AD3d 1067, 1068 [2017] [internal quotation marks and citation omitted]; see Matter of Rasiej v Syska Hennesy Group Inc., 145 AD3d 1332, 1332 [2016]).
Like any administrative agency, the Board must render decisions based on the evidence contained in the record pertaining to the particular case before it. Here, the Board relied on medical records apparently contained in the case file for a separate claim filed by decedent based on a November 2014 fall at work. Although the record in the present case indicates that George Brief — a physician who conducted a review of decedent's medical records on behalf of the employer and issued a report — reviewed a one-page document containing hospital discharge instructions related to decedent's treatment in November 2014, that one page is the only medical record from 2014 that is included in the current record. Despite the absence in this record of any other medical records related to the prior incident, the Board relied heavily upon medical records contained in the case file for the 2014 claim (compare 12 NYCRR 300.18 [b], [c], [e] [referring to the Board's "case file" when addressing the proper content of a record on appeal]). The employer did not request that the Board rely on those 2014 records, nor did it adhere to the procedure for introducing additional evidence into the administrative appeal that was not before the Workers' Compensation Law Judge (see 12 NYCRR 300.13 [b] [1] [iii]). The Board's rule provides that, if that procedure is not followed, the Board "will not" consider such new evidence (12 NYCRR 300.13 [b] [1] [iii]; see Matter of Casale v St. Catherine of Siena Med. Ctr., 156 AD3d 1070, 1071-1072 [2017]).
Claimant was prejudiced because she was not on notice — until she received the Board decision — that the Board would rely on documents from another case file. The employer argues that the referenced medical reports cannot be objectionable because they accurately reflect the treatment rendered, but we cannot verify that without reviewing those reports. The employer further argues that no response to the medical records would change the strength of either side's argument, but that proposition is mere speculation. Either party may have chosen to submit additional medical records reflecting on decedent's medical treatment from November 2014 until his death in July 2015 had the parties been on notice that this period of treatment would be at issue.
Furthermore, we cannot assume that the Board would have reached the same decision had it not considered the medical records from the other case file. The Board referred to more than one of those medical records, indicated that it considered at least 27 pages and quoted at length from one 2014 document that it found to be "most telling with respect to the cause of the decedent's death." In one specific finding, the Board stated that any presumption of compensability was rebutted by Brief's medical opinion and the medical evidence in the case file associated with the other claim. Because the Board improperly relied upon documents outside the record, which are also not before this Court for our review, we reverse.
Devine, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.