Matter of Kaplan v New York City Tr. Auth. (2019 NY Slip Op 09075)





Matter of Kaplan v New York City Tr. Auth.


2019 NY Slip Op 09075


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528729

[*1]In the Matter of the Claim of Lyubov Kaplan, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Grey & Grey, LLP, Farmingdale (Sanjai Doobay of counsel), for appellant.
Jones Jones LLC, New York City (David Secemski of counsel), for New York City Transit Authority, respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed September 11, 2018, which ruled that decedent's death did not arise out of and in the course of his employment and denied claimant's claim for workers' compensation death benefits.
On July 11, 2015, claimant's husband (hereinafter decedent), who was employed to perform equipment maintenance for the employer, collapsed in the locker room at work (Matter of Kaplan v New York City Tr. Auth., 162 AD3d 1194, 1195 [2018]). Decedent was later pronounced dead at the hospital as the result of a cardiac arrest (id.). Claimant applied for workers' compensation death benefits and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim, finding that the self-insured employer's proof did not rebut the presumption of compensability in Workers' Compensation Law § 21 (id.). The Workers' Compensation Board reversed, finding that, even if the presumption applies, it was rebutted and that claimant had not submitted a medical opinion to support a finding that decedent's death was causally related to his employment (id.). Claimant's subsequent application for full Board review was denied, and claimant sought judicial review (id.). This Court reversed the decision of the Board because the Board improperly relied upon medical documents outside of the record (id. at 1195-1196). Upon remitting to the Board, the full Board adopted this Court's decision and returned the matter for further proceedings to the same Board panel that had previously entertained the claim. In a September 2018 decision, the Board again reversed the decision of the WCLJ, finding that the self-insured employer had rebutted the presumption of compensability and that claimant had not submitted a medical opinion to support a finding that decedent's death was causally related to his employment. Claimant appeals.
Contrary to claimant's initial contention, the full Board acted within its authority (see Workers' Compensation Law §§ 123, 142 [2]) when it returned this matter to the same Board panel that previously adjudicated the claim. Nothing in our prior decision prohibited the Board from doing so, and claimant has failed to identify any statutory or regulatory provision that required the matter to be assigned to a new Board panel. Nor is there any evidence in the record of bias or any other reason that necessitated assignment of the matter to a different Board panel (see Matter of De Salvo v Prudential Ins. Co. of Am., 248 AD2d 897, 899 [1998]).
Turning to the merits, to be compensable under the Workers' Compensation Law, an accidental injury must arise both out of and in the course of employment (see Workers' Compensation Law §§ 2 [7]; 10 [1]). Although a presumption of compensability arises where an unwitnessed or unexplained death occurs during the course of employment (see Workers' Compensation Law § 21 [1]; Matter of Rasiej v Syska Hennesy Group Inc., 145 AD3d 1332, 1332 [2016]), that presumption "may be rebutted if substantial evidence demonstrates that the death was not work related" (Matter of Lavigne v Hannaford Bros. Co., 153 AD3d 1067, 1068 [2017] [internal quotation marks and citation omitted]; see Matter of Velano v Kingston Block & Masonry Supply, LLC, 173 AD3d 1517, 1518 [2019]). "If the employer does rebut the presumption, the burden of proving that a death is causally related to the employment shifts back to [the] claimant" (Matter of Puig v New York Armenian Home, Inc., 65 AD3d 1444, 1445 [2009] [citation omitted]; see Matter of Lavigne v Hannaford Bros. Co., 153 AD3d at 1068; Matter of Boni-Phillips v Oliver, 56 AD3d 1073, 1073-1074 [2008]).
The self-insured employer does not dispute that the presumption of compensability applies. To rebut the presumption, the self-insured employer presented the medical report and testimony of George Brief, a physician certified in internal medicine and cardiovascular disease, who reviewed decedent's medical records, including hospital discharge instructions dated November 28, 2014, which disclosed that, after decedent was treated for a mechanical fall, he was diagnosed with "severe aortic stenosis." Brief characterized this as a "very significant and dangerous cardiac condition" that often causes sudden death if not treated surgically. Brief concluded that decedent's death was caused by this preexisting "very severe" cardiac condition and was not causally related to his work activities prior to his collapse, which involved no strenuous lifting, extreme environmental conditions, stressors or physical exertions. Further, emergency room records indicate that no autopsy was performed and that the cause of decedent's death was "cardiac arrest secondary to cardiovascular disease of old age."
The foregoing evidence was sufficient to rebut the presumption of compensability and shift the burden to claimant (see Matter of Velano v Kingston Block & Masonry Supply, LLC, 173 AD3d at 1518-1519; Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d 1134, 1135 [2007], lv denied 9 NY3d 807 [2007]). Inasmuch as claimant failed to present or submit any medical evidence contradicting the cause of death as indicated in the emergency room records and found by Brief, the Board's finding that decedent's death was not causally related is supported by substantial evidence (see Matter of Rasiej v Syska Hennesy Group Inc., 145 AD3d at 1332; Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d at 1135-1136). To the extent we have not addressed claimant's remaining contentions, they have been considered and found to be without merit.
Mulvey, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.