Matter of Hanson v General Elec. Co. (2025 NY Slip Op 01409)

Matter of Hanson v General Elec. Co.

2025 NY Slip Op 01409

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

CV-23-1425
[*1]In the Matter of the Claim of Donna Hanson, Appellant,
v
General Electric Company et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Grey & Grey, LLP, Farmingdale (Brian P. O'Keefe of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for General Electric Company and another, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 12, 2023, which ruled that decedent's death was not causally-related to his employment and denied claimant's claim for workers' compensation death benefits.
On January 25, 2016, claimant's spouse (hereinafter decedent), a field service technician, collapsed while at a residence repairing a refrigerator. He was taken to a hospital where he later died. Decedent's death certificate indicated that he died from acute aortic dissection as a consequence of hypertension, with a contributing condition of emphysema. Claimant thereafter filed an application for workers' compensation death benefits. Following a hearing, a Worker's Compensation Law Judge (hereinafter WCLJ) found that the presumption of compensability provided by Workers' Compensation Law § 21 applied and established the claim. The Workers' Compensation Board rescinded the WCLJ's decision on administrative review, finding that the record needed development and directing that the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) be provided an opportunity to produce a records review of the medical evidence.
To that end, the carrier presented the records review report and testimony of cardiologist Jonathan Sumner, who found no correlation between decedent's employment and his death from aortic dissection. Shortly thereafter, claimant presented the records review report of physician Mark Stern, who opined that decedent's aortic dissection was caused by an increase in blood pressure that resulted from him having to move the refrigerator while making the repairs. At the ensuing hearing, the carrier argued that Stern's report was not properly served pursuant to 12 NYCRR 300.2 (d) (4) (iv) and should be precluded. The WCLJ agreed and precluded Stern's report. Claimant sought administrative review of the WCLJ's decision and, while that review was pending, she requested that Raymond Basri, a physician specializing in internal medicine, review decedent's medical records and opine as to whether his death was causally related to his employment. In a report dated February 1, 2018, Basri opined that decedent's death was the direct result of physical exertion and stress from moving the refrigerator.
In a decision filed April 26, 2018, the Board affirmed the preclusion of Stern's report, finding that claimant was not directed to produce a records review report, that the report was not properly served and that the report was missing a signed certification pursuant to 12 NYCRR 300.2 (d) (4) (i) (e).[FN1] The following day, claimant contacted Basri to request that he produce an amended report that included the required certification, which was lacking in his February 2018 report. On May 2, 2018, Basri provided a report that is identical to his February 2018 report, with the required signed certification added. At a hearing in August 2018, the WCLJ initially admitted Basri's February 2018 report [*2]in evidence. Claimant's counsel then advised the WCLJ that he was not alleging that the February 2018 report was admissible, but was requesting that Basri's May 2018 report be admitted, and the WCLJ admitted that report. The carrier sought administrative review of the WCLJ's admission of Basri's May 2018 report, and the Board denied the application as interlocutory.
In a decision filed October 30, 2019, the WCLJ found that the presumption provided by Workers' Compensation Law § 21 applied but was rebutted by the death certificate and Sumner's report. The WCLJ, crediting Basri's opinion, further determined that claimant had satisfied her burden of demonstrating that decedent's death was causally related to the physical exertion and emotional stress of moving the refrigerator and established the claim for workers' compensation death benefits. Upon administrative review, the Board, in a decision filed April 6, 2020, rescinded the WCLJ's decision, finding that Basri's May 2018 report and deposition testimony were inadmissible. The Board directed that the matter be remanded to the WCLJ, without further hearing, to determine the issue of causally related death without consideration of Basri's report and deposition testimony. Upon remand, the WCLJ found that, in light of the Board's decision, there was no medical evidence supporting a causally related death and disallowed the claim. Upon administrative review, the Board affirmed, and claimant appeals.
"When an unwitnessed or unexplained death occurs during the course of employment, there is a presumption of compensability that, in turn, obviates the need for the claimant to tender, in the first instance, prima facie medical evidence of a causal relationship" (Matter of Polonski v Town of Islip, 220 AD3d 1031, 1031-1032 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 41 NY3d 905 [2024]; see Workers' Compensation Law § 21 [1]). "That presumption may be rebutted if substantial evidence demonstrates that the death was not work related, however, and such rebuttal does not require irrefutable proof excluding every conclusion other than that offered by the employer and its workers' compensation carrier" (Matter of Frederick v Lindenhurst Union Free School Dist., 66 AD3d 1104, 1105 [3d Dept 2009] [internal quotation marks and citations omitted]; see Matter of Rasiej v Syska Hennesy Group Inc., 145 AD3d 1332, 1332 [3d Dept 2016]). "If the employer does rebut the presumption, the burden of proving that a death is causally related to the employment shifts back to claimant" (Matter of Puig v New York Armenian Home, Inc., 65 AD3d 1444, 1445 [3d Dept 2009] [citation omitted]; accord Matter of Kaplan v New York City Tr. Auth., 178 AD3d 1262, 1264 [3d Dept 2019]).
Initially, we reject claimant's contention that the carrier failed to rebut the presumption of compensability. Sumner, the carrier's medical expert, opined that decedent's death from aortic dissection was caused by risk factors unrelated [*3]to his work, namely decedent's long history of hypertension and smoking. According to Sumner, the fact that decedent may have moved a refrigerator that was mounted on wheels that day would not have caused the dissection. In our view, the foregoing evidence was sufficient to rebut the presumption of compensability and shift the burden to claimant (see Matter of Kaplan v New York City Tr. Auth., 178 AD3d at 1264; Matter of Lavigne v Hannaford Bros. Co., 153 AD3d 1067, 1068 [3d Dept 2017]).
Claimant initially presented Stern's report regarding a causally-related death. The Board precluded Stern's report, finding that claimant was not directed to produce a records review report and that the report lacked the proper certification and was not properly served. Claimant then presented Basri's initial February 2018 report and his May 2018 amended report. Although the WCLJ admitted Basri's May 2018 report, the Board, in an April 2020 decision, precluded it. According to the Board's decision, notwithstanding the admissibility of Basri's reports, "the fact remains that [it] had already precluded the record review report submitted by Dr. Stern[ ] on behalf of the claimant" and "[b]y simply submitting additional record review reports from Dr. Basri without a direction from the Board to do so, the claimant would defeat the Board's ruling precluding the initial record review report submitted by Dr. Stern."
Following the Board's preclusion of Basri's reports, the WCLJ found no proof of a causally-related death and disallowed the claim. The Board affirmed the WCLJ's decision, finding that Sumner had rebutted the presumption of compensability. As to claimant's burden to demonstrate a causally-related death, despite its prior decision precluding claimant's evidence because she had not been directed by the Board to submit evidence, the Board concluded that claimant had been "provided ample opportunity to produce medical evidence" and that no other opportunity was warranted. Moreover, in further support of precluding Basri's May 2018 report, the Board relied on its erroneous belief that the WCLJ had already precluded Basri's February 2018 report, a belief that has no support in the record. In light of the inconsistency between the Board's preclusion of claimant's evidence due to the lack of any direction by the Board to submit such evidence and its determination that claimant had been provided "ample opportunity" to submit such proof, as well as its reliance on an inaccurate reading of the record, the Board's decision must be reversed and the matter remitted to the Board for further proceedings (see Matter of Gullo v Wireless Northeast, 160 AD3d 1106, 1108 [3d Dept 2018]; Matter of Epsaro v Buffalo Bd. of Educ., 67 AD3d 1118, 1119 [3d Dept 2009]).
Aarons, Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision[*4].

Footnotes

Footnote 1: Claimant appealed the Board's April 26, 2018 decision to this Court. However, the parties later stipulated that the appeal was interlocutory and reserved their respective rights to appeal from a final Board decision on the claim for benefits.